IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE:<br><br>LEGENDARY FIELD EXHIBITIONS, LLC, ET AL.,<br><br>DEBTORS. | CASE NO. 19-50900-CAG-7<br><br>CHAPTER 7 |
| RANDOLPH N. OSHEROW, Chapter 7 Trustee, and the Bankruptcy Estates of Legendary Field Exhibitions, LLC; AAF Players, LLC; AAF Properties, LLC; Ebersol Sports Media Group, Inc.; LFE 2, LLC; and We Are Realtime, LLC,<br><br>PLAINTIFFS,<br><br>v.<br><br>THOMAS DUNDON; JOHN ZUTTER; and DUNDON CAPITAL PARTNERS, LLC,<br><br>DEFENDANTS. | ADV. PROC. NO. 22-05078 |

**TRUSTEE'S OBJECTION TO MOTION FOR PROTECTION FROM THIRD-PARTY SUBPOENA TO TEXAS CAPITAL BANK [ECF 70]**

NOW COMES Plaintiff RANDOLPH N. OSHEROW ("Trustee"), the Chapter 7 Trustee for the consolidated bankruptcy estates of Legendary Field Exhibitions, LLC ("LFE"); AAF Players, LLC ("AAF Players"); AAF Properties, LLC ("AAF Properties"); Ebersol Sports Media Group, Inc. ("ESMG"); LFE 2, LLC ("LFE 2"); and We Are Realtime, LLC ("Realtime") (collectively "Plaintiffs"), and files this Objection to the Motion for Protection from Third-Party Subpoena to Texas Capital Bank ("TCB") [ECF 70] ("Motion") filed by Defendants Thomas Dundon ("Dundon"), John Zutter ("Zutter"), and Dundon Capital Partners LLC ("DCP," and

-1-

together with Dundon and Zutter, the "DCP Parties") and would respectfully show this Court the following:

## I.    RELEVANT BACKGROUND

1. The live Complaint in this adversary proceeding is the First Amended Complaint. ECF 56. Relevant to this Objection, both DCP and Dundon are named defendants, with distinct causes of action alleged against them.

2. The DCP Parties have each responded to the First Amended Complaint. *See* ECF 63.

3. On October 10, 2023, the Court entered its Confidentiality and Protective Order. ECF 52.

4. On April 5, 2024, Trustee served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) on TCB (the "TCB Subpoena") with eleven (11) requests for production. Dundon used TCB to execute financial transactions that, on information and belief, included transferring funds to the AAF.

5. On April 19, 2024, the DCP Parties filed the Motion. The DCP Parties challenge all but request for production number 5. The DCP Parties offer no evidence in support of their Motion.

6. On April 19, 2024, TCB served its original response to the TCB Subpoena and on April 25, 2024, it served an amended response.[1] TCB did not provide documents in response to the TCB Subpoena.

## II.    OPPOSITION SUMMARY

7. Movants have failed to show good cause for the relief they are requesting. This matter is in the thick of discovery, and while the Motion alleges theories of defense to the ultimate

---

[1] Trustee reserves its rights to separately pursue responses compliant with the Federal Rules from the non-party subpoena target at issue herein.

issues being litigated, those theories are contested. The TCB Subpoena makes limited requests to the nonparty that are well within the applicable rules and thus the TCB Subpoena should not be modified to limit the scope or forbid any of the disclosure or discovery sought in it. The relief requested in the Motion should be denied.

8. Given the detailed nature of the Plaintiffs' allegations in the First Amended Complaint regarding nondisclosure and misrepresentation, particularly concerning promised funding and divided loyalties, examining the role, function, and substantive knowledge of this nonparty is relevant and important to the development of this case.

### III. RESPONSE[2]

9. The issues the Motion raises can be distilled into the following categories:

   a. The requests are too broad and disproportional to the needs of this case.

   b. Neither Dundon's nor DCP's financial condition is relevant to this proceeding.

   c. Only DCP and not Dundon, individually, was the "investor" in the League.

   d. The only relevant inquiry for discovery from this nonparty is Dundon's and DCP's "business dealings" with the Debtors/the AAF and DCP's investment in the AAF.

   e. The only relevant time period of discovery from this nonparty is February 13, 2019 to April 2, 2019.

None of these arguments support an alleged need for Rule 26(c) protection from "annoyance, embarrassment, oppression, or undue burden or expense." The Motion should be denied.

10. First, the requests are intended to be narrowly tailored to fall within Rule 26(b)(1). To the extent an objection is made to the breadth and/or disproportionality of a request, the DCP

---

[2] In the "Summary" to the Motion, the DCP Parties implicate dispositive issues in this matter. However, a Motion for Protection is not a proper vehicle for challenging the legal or factual sufficiency of a plaintiff's claims. Rather, this Objection focuses on addressing the discovery concerns raised.

Parties were required to state their objection with specificity and provide support for their argument with respect to proportionality. *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). The DCP Parties have not met this standard.

11. Second, Dundon's and DCP's financial conditions, including but not limited to Dundon's personal liquidity and investment strategy, are relevant to the causes of action in this case. Dundon and DCP are alleged to have engaged in self-interested actions and transactions, despite Dundon's fiduciary obligations to the League and/or his promise of a $250 million personal investment into the League. *See* Amended Complaint at Counts I, III, IV, V, XI, XIII, XV and ¶¶ 18, 21, 62, 95 (…"My money is in my bank; I'm sure of it."), 97, 118, and 119.

12. Third, while DCP alleges it owns a majority stake in the League, that allegation alone does not disprove Dundon's stated intention to invest personally in the League. *See, e.g., id.* ¶¶ 18, 69, 95, 97.

13. Fourth, the DCP Parties do not explain what they mean by only Dundon's and DCP's "business dealings" should be discoverable from this nonparty; however, in order to test Dundon's and DCP's alleged intentions (even, for instance, that DCP and not Dundon individually was intended to be the sole investor in the League and that the investment was intended to be limited to $70 million), the Trustee is well within the rules to seek discovery with respect to more than just Dundon's and DCP's "business dealings" with the Debtors. TCB had involvement with Dundon's and DCP's finances, including as to transfers to the League, and thus the records of this nonparty are relevant to this proceeding.

14. Finally, the time frame at issue in the subject subpoena is reasonable and within the scope of the rules. For the majority of the requests, the Trustee seeks information from a period reasonably before, during, and reasonably after Dundon's entrance into the League (January 2018

through December 2019). To the extent the timeframe implicated is more expansive, the Trustee has otherwise limited the requests.

15. <u>Admissions/Denials</u>. Trustee admits paragraphs 1 through 5 of the Motion.

## IV. ARGUMENT

16. A party seeking a Rule 26(c) protective order must establish "[g]ood cause and a specific need for protection." *Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 469 (Bankr. W.D. Tex. 2009) (Clark, J.) (quoting *Ferko v. NASCAR*, 218 F.R.D. 125, 133 (E.D. Tex. 2003)). Movants rely on *Terra* to confirm their burden to show good cause requires a "particular and specific demonstration of facts" in support of the Motion that is more than "stereotyped and conclusory statements." *See* ECF 70 at 4 (citing 134 F.3d at 306); *see also Anzures v. Prologis Texas I LLC*, 300 F.R.D. 316, 317 (W.D. Tex. 2012) (quoting *Terra*, 134 F.3d at 306).

17. The Motion, however, ignores *Terra's* mandate, as both rely exclusively on textbook stereotyped and conclusory statements. The *Terra* court found the District Court committed a clear abuse of discretion when it entered the protective order at issue because the movant had "made nothing more than a conclusory allegation" and "<u>*did not support its motion for protective order with any affidavits or other evidence*</u>" in support of what the court termed a "simple assertion." *In re Terra*, 134 F.3d at 306 (emphasis added). As explained in *Heller v. City of Dallas*, "a party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly, burdensome, or oppressive." 303 F.R.D. 466, 490 (N.D. Tex. 2014). The party resisting discovery must "submit[] affidavits or offer[] evidence revealing the nature of the burden." *Id.*; *see also Crownover v. Crownover*, No. 2:15-CV-132–AM–CW, 2017 WL 10575859, at *2 (W.D. Tex. July 12, 2017); *Garcia v. Silva*, No. DR-17-CV-0058-AM-CW, 2018 WL 11597801, at *1 (W.D. Tex. Nov. 30, 2018).

18. While Trustee does not contest that this Court has broad discretion to fashion a remedy in considering a Rule 26(c) motion, the party seeking Rule 26(c) protection[3] must first make a showing of good cause. Because no good cause has been shown, the Court should require production in response to the subpoena at issue pursuant to Rule 26(c)(2).

1. **Request Nos. 1 through 4, 6, 9**

19. These requests seek information that would show the financial condition of Dundon from January 1, 2018 to December 31, 2018. The DCP Parties seek protection from these requests on the same bases: that such requests are overbroad, not sufficiently limited in time or scope, seek irrelevant information disproportionate to the needs of the case, is not needed to resolve the issues in dispute, and is a "fishing expedition into Dundon's finances."

20. These requests are limited to seeking production of documents and communications during a limited and relevant time from (before, during, slightly after investment in the League) regarding specific areas of inquiry as to Dundon's financial situation and each offers examples of what types of documents TCB might have as it relates to the area of inquiry. Given the matters at issue as set out above and more fully in the Amended Complaint, these requests are within the scope of discoverable information. *See Am. Registry of Radiologic Technologists v. Bennett*, No. SA–09–CA–767–XR, 2010 WL 11603028, at *2 (W.D. Tex. Sept. 8, 2010) (emphasis added) (The party resisting discovery bears the burden of establishing that "the requested discovery does not come within the *broad scope of relevance under Rule 26(b)(1)* or is of such marginal relevance

---

[3] Movants' reliance on *Wiwa v. Royal Dutch Petroleum Co.* is misplaced, as the Motion seeks Rule 26 protection as opposed to protection pursuant to Rule 45. *See* ECF 70 at 3 (citing 392 F.3d 812, 819–21 (5th Cir. 2004)). *Wiwa* dealt with a motion to quash a third-party subpoena under Rule 45. *See Wiwa*, 392 F.3d at 818. The grounds enumerated to quash a subpoena under Rule 45(d)(3) are distinct from those for a protective order under Rule 26(c)(1). *Compare* FED. R. CIV. P. 45(d)(3) (enumerating grounds such as unreasonable time to comply, geographical inconvenience, privilege, and undue burden) *with* FED. R. CIV. P. 26(c)(1) ("annoyance, embarrassment, oppression, or undue burden or expense").

the potential harm occasioned by discovery would outweigh the ordinary *presumption in favor of broad disclosure*.").

21. The DCP Parties' interests are sufficiently safeguarded by the protective order already in place. *See Alex v. KHG of San Antonio, LLC*, No. SA-13-CA-728-OLG, 2014 WL 12489735, at *7 (W.D. Tex. Aug. 6, 2014) (rejecting argument that discovery of plaintiffs' bank statements violated privacy rights where plaintiffs had "not established that the protections afforded by the protective order [were] inadequate to protect their privacy interests"). There is no evidence a search for these documents presents any significant burden, much less one that is disproportionate to the case. Courts are "not inclined to credit a conclusory, fact-free assertion that a party thinks the request is too burdensome or not proportional because it potentially asks for a voluminous quantity of documents." *Mid Valley Pipeline Co., LLC v. Rodgers*, No. 4:22CV 25-DMB-DAS, 2022 WL 19731740, at *1 (N.D. Miss. Oct. 6, 2022) (internal quotation omitted). Moreover, "[a]n objection that the request is a 'fishing expedition' generally is not sufficient" absent a showing of good cause under Rule 26(c). *Sorenson v. Fedex Kinko's Office and Print Servs., Inc.*, No. SA-06-CA416-FB, 2007 WL 9710430, at *1 (W.D. Tex. Sept. 10, 2007).

  **2. Request Nos. 7 and 8**

22. These requests seek production of documents involving or generated by TCB with respect to DCP and Dundon within the limited timeframe of January 1, 2018 and December 31, 2019. The DCP Parties seek protection from RFPs 7 and 8 on the same bases: that such requests are overbroad, not sufficiently limited in time or scope, seeks irrelevant information disproportionate to the needs of the case, and is not needed to resolve the issues in dispute.

23. Given the matters at issue as set out above and more fully in the Amended Complaint, these requests are within the scope of discoverable information. Notably, there is no change in the

objection, even when the requests are focused on discovering financial information with respect to DCP, which entity the DCP Parties admit made an investment in the League. There is no evidence a search for these documents presents any significant burden, much less one that is disproportionate to the case.

    3.    **Request Nos. 10, 11**

24. These requests seek production of documents involving TCB, on the one hand, and Dundon, DCP, or Jeff Vanderbilt, on the other, within the specified timeframe of January 1, 2019 to present. The DCP Parties seek protection from RFPs 10 and 11 on the same bases: that such requests are overbroad, not sufficiently limited in time, seeks irrelevant information disproportionate to the needs of the case, and is not needed to resolve the issues in dispute.

25. Request No. 10 is specifically limited to those documents involving the Debtors. So while the time frame is broader than the other requests at issue, the request is on its face narrow in scope. Request No. 11, while not limited to those documents involving the Debtors, is still relatively limited in scope both as to time and subject matter. Moreover, there is no evidence a search for these documents presents any significant burden, much less one that is disproportionate to the case.

## V.    CONCLUSION

WHEREFORE, for the reasons stated herein, the Court should enter an order denying the Motion in its entirety, directing a full response to the TCB Subpoena, and granting such other relief at law or in equity to which the Trustee shows itself entitled.

Dated: May 15, 2024.                     Respectfully submitted,


                                              */s/ Katharine Battaia Clark*
**Nicole L. Williams** (SBN 24041784)
**Katharine Battaia Clark** (SBN 24046712)
**Thompson Coburn LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Phone: (972) 629-7100
Fax: (972) 629-7171
nwilliams@thompsoncoburn.com
kclark@thompsoncoburn.com

**and**

**Boris Treyzon** (CA SBN 18893)
Admitted *Pro Hac Vice*
**Jonathon Farahi** (CA SBN 324316)
Admitted *Pro Hac Vice*
**Abir Cohen Treyzon Salo, LLP**
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424-288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

**and**

**Brian S. Engel** (SBN 00789279)
**Steve P. Turner** (SBN: 20314700)
**Barrett Daffin Frappier Turner & Engel, LLP**
580 La Ventana Blvd.
Driftwood, Texas 78619
Phone: (512) 687-2503
Fax: (512) 477-0008
brianen@bdfgroup.com
stevet@bdfgroup.com

**ATTORNEYS FOR PLAINTIFFS
RANDOLPH N. OSHEROW,
CHAPTER 7 TRUSTEE, DEBTORS' ESTATE**

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 15, 2024, a true and correct copy of the foregoing document was served to the below listed parties via electronic means as listed on the Court's ECF noticing system or by electronic mail.

Brent D. Hockaday
**K&L Gates LLP**
1717 Main Street, Ste. 2800
Dallas, TX 75201
brent.hockaday@klgates.com

Jeffrey S. Lowenstein
Beverly A. Whitley
Brent A. Turman
Sydnie A Shimkus
**Bell Nunnally & Martin LLP**
2323 Ross Ave., Ste 1900
Dallas, TX 75201
jlowenstein@bellnunally.com
bwhitley@bellnunnally.com
bturman@bellnunnaly.com
sshimkus@bellnunnally.com

                                                */s/ Katharine Battaia Clark*
                                                Katharine Battaia Clark