IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 19-50900-CAG-7 |
| LEGENDARY FIELD EXHIBITIONS, LLC, ET AL., | § § § | CHAPTER 7 |
| DEBTORS. | § § § | |
| RANDOLPH N. OSHEROW, Chapter 7 Trustee, and the Bankruptcy Estates of Legendary Field Exhibitions, LLC; AAF Players, LLC; AAF Properties, LLC; Ebersol Sports Media Group, Inc.; LFE 2, LLC; and We Are Realtime, LLC, | § § § § § § § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | ADV. PROC. NO. 22-05078 |
| THOMAS DUNDON; JOHN ZUTTER; and DUNDON CAPITAL PARTNERS, LLC, | § § § § § | |
| DEFENDANTS. | § | |

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT THOMAS DUNDON**

NOW COMES Plaintiff RANDOLPH N. OSHEROW ("Trustee"), as the Chapter 7 Trustee of the Bankruptcy Estates of Legendary Field Exhibitions, LLC; AAF Players, LLC; AAF Properties, LLC; Ebersol Sports Media Group, Inc.; LFE 2, LLC; and We Are Realtime, LLC (collectively, "Debtors"), by and through his undersigned attorneys, brings this motion (the "Motion") to compel Defendants Thomas Dundon ("Dundon") to promptly provide responsive documents to Trustee's requests for production, and respectfully shows the Court the following:

## I. INTRODUCTION

Trustee requests that the Court overrule Dundon's objections and compel Dundon to fully respond to certain of Trustee's requests for production. In response to every request addressed herein, Dundon lodged unsubstantiated boilerplate objections, without the specification and supporting evidence required by the Federal Rules, and made improper withholding statements that fail to describe which part of the request he is not responding to based on his objections and why. Dundon also persists in obstructing third party discovery in contravention of this Court's prior rulings that said third party discovery is relevant and within the scope of discovery. Trustee's good-faith attempts to confer with Dundon on these issues have proven unsuccessful, leaving Trustee with no choice but to seek relief from the Court through the instant Motion.

## II. BACKGROUND

The live Complaint in this adversary proceeding is the First Amended Complaint. ECF 56. Relevant to this Motion, Dundon is a named defendant, with distinct causes of action alleged against him. Dundon has responded to the First Amended Complaint. *See* ECF 63.

On or about July 2, 2024, Trustee served Trustee's Third Set of Requests for Production of Documents to Dundon (the "Dundon RFPs"). On or about August 1, 2024, Dundon served his Objections and Responses to Trustee's Third Set of Requests for Production of Documents to Dundon.[1] A true and correct copy of Dundon's Objections and Responses to Trustee's Third Set of Requests for Production of Documents to Dundon is attached as <u>Exhibit A</u> and incorporated herein.

---

[1] Due to Dundon's interest in, control of, and close affiliation to Defendant Dundon Capital Partners, LLC ("DCP"), the extent of which is set forth in more detail in Trustee's First Amended Complaint [ECF 56], Trustee simultaneously served Trustee's Second Set of Requests for Production to DCP (the "DCP RFPs") seeking many of the same categories of documents that Trustee seeks from Dundon via the Dundon RFPs. DCP's objections and responses to the DCP RFPs mirror Dundon's objections and responses to the Dundon RFPs and are addressed in a separate motion to compel filed contemporaneously herewith.

On or about April 19, 2024, the Trustee issued a subpoena with requests for production to nonparty PricewaterhouseCoopers LLP ("PwC") (the "PwC Subpoena") seeking substantially the same categories of documents sought by the Dundon RFPs relating to Dundon's or DCP's finances, accounting, taxes, or receipt of financial advice.[2] On June 10, 2024, the Court heard the named defendants' motion for protection from the PwC Subpoena, which raised the same relevance, proportionality, and burden arguments that Dundon asserts in his objections to the Dundon RFPs. During the hearing, this Court found the PwC Subpoena largely relevant and proportional to the needs of the case, emphasizing the necessity of the documents for understanding the financial decisions and strategies implemented by Dundon and DCP, particularly in light of allegations of fiduciary breaches and fraudulent misrepresentations:

- "There's nothing in here that strikes the Court as overly broad or burdensome or unnecessary. In fact, I think this goes to the heart of whether or not did Mr. Dundon -- what was his purpose, which ***I'm curious to know when we get to trial, what was the purpose of this investment? Why did he do it? You know, what was the motivation behind it? Was it for tax reasons?*** " See Exhibit B (June 10, 2024 Hr'g Tr.) at 162:21-163:2 (emphasis added);

- What I'm hearing from the parties is well, there's – ***there were other reasons for it and they were financially motivated. We'll see what the evidence proves on that.*** Id. at 163:18-21 (emphasis added).

Accordingly, this Court permitted discovery of Dundon's and DCP's tax, accounting, and financial information without requiring a direct relationship of the information requested to the AAF investment. *See id.* at 165:22-166:6 (allowing discovery as to "analysis, evaluation, of reports and summaries . . . concerning tax attributes" from January 2019 to December 2020); 167:9-12 (allowing discovery as to "financial standing and liquidity, bank statements, and financial

---

[2] As set forth in Trustee's Objection to Motion for Protection from Third-Party Subpoena to PwC, PwC is or was Dundon and DCP's accounting and tax consulting firm, and defendants retained PwC, after Dundon took control of Debtors, to advise Debtors on various matters, including but not limited to structural considerations, detailed financial planning and reporting, and even preparation of Debtors' statement of financial affairs and schedules in anticipation of filing for bankruptcy. *See* ECF 98, ¶4 (citing ECF 56, ¶¶ 118, 119, and 133).

statements from January 1, 2018 to 2020"); *see also id.* at 168:18-19, 173:5-25 (allowing similar discovery). Although PwC has mostly cooperated in complying with the subpoena following the Court's ruling on the motion for protection, it has refused to produce Dundon's and DCP's tax returns, including documents which underly or support the returns, **on the basis that Dundon and DCP refuse to consent to the release of the documents** pursuant to 26 U.S.C. § 7216 and their contention—which this Court already rejected—that the tax returns and underlying documents are not within the scope of the document requests in the subpoena.

Furthermore, Dundon persists in obstructing Trustee's discovery of Dundon's and DCP's tax, accounting, and financial information by lodging improper, boilerplate objections and making improper withholding statements in response to the Dundon RFPs.

### III. ARGUMENTS & AUTHORITIES

#### A. Legal Standard

The Federal Rules of Civil Procedure provide for broad discovery—parties are entitled to discover any non-privileged matter relevant to any party's claim or defense in proportion to the case's needs. See Fed. R. Civ. P. 26(b)(1). To that end, "courts construe Rule 26 broadly, and generally hold a request for discovery should be allowed unless it's clear that the information sought can have no possible bearing on the claim or defense of a party." *United Servs. Auto. Ass'n v. Mitek Sys., Inc.,* 289 F.R.D. 244 (W.D. Tex. 2013) (quotation omitted).

The burden of showing whether a discovery request is not relevant, fails the proportionality calculation under Rule 26(b), or is otherwise objectionable falls on the party *resisting* discovery. *See League of United Latin Am. Citizens v. Abbott*, No. EP21CV00259DCGJESJVB, 2022 WL 3593055, at *3 (W.D. Tex. Aug. 22, 2022) (emphasis in original) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Moreover, "*even if* some of the [party's] requests for production were irrelevant, . . . "[the resisting party] *must have* a valid

objection to each [request] in order to escape the production requirement." *Abbott*, 2022 WL 3593055, at *3 (emphasis added) (quoting *McLeod*, 894 F.2d at 1485).

B.  **Dundon's Boilerplate Objections and Withholding Statements Violate the Rules**

The Federal Rules do not permit, and modern courts no longer tolerate, objections to discovery requests that fail to clearly explain (1) how the objection applies and (2) the effect of the objection in limiting the responding party's response. *Heller v. City of Dallas,* 303 F.R.D. 466, 490 (N.D. Tex. 2014). The Rules require objections to be stated with such particularity, "on pain of waiver." *Id.* at 490-91. Boilerplate or unsupported objections—even when asserted in response to a specific discovery request—are improper and ineffective, and do not relieve a responding party of its disclosure obligations. *Id.* at 483-84, 487. Furthermore, an objecting party must (i) respond to each document request to the full extent that it is not objectionable and affirmatively explain what portion of a document request is objectionable and why, (ii) affirmatively explain what portion of the document request is not objectionable and the subject of the response, and (iii) affirmatively explain whether any responsive information or documents have been withheld pursuant to each objection. *Id.* at 485.

1.  **Dundon's proportionality objections are insufficiently stated and waived.**

Dundon objects that RFPs 111-119, 121-122, 124-132, 135, 138, 140 are all "disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues." *See* Ex. A.

The party resisting discovery based on an objection that a request is disproportionate to the needs of the case bears the burden of showing that the discovery fails the proportionality calculation mandated by Rule 26(b)(1) by coming forward with specific information to address each factor enumerated therein, which may take the form of a declaration or affidavit. *Equal*

- 5 -

*Employment Opportunity Comm'n v. Nabors Corp. Services,* Inc., No. CV SA-16-CA-00758-FB, 2017 WL 11559804, at *2 (W.D. Tex. Aug. 23, 2017); *Crownover v. Crownover*, No. 2:15-CV-132–AM–CW, 2017 WL 10575859, at *2 (W.D. Tex. July 12, 2017) (same). Dundon fails to meet this burden. For each of his proportionality objections, Dundon produced no evidence addressing any of the Rule 26(b)(1) proportionality factors. Consequently, these unsubstantiated boilerplate objections are improper and waived. *See Heller*, 303 F.R.D. at 490-91.

2. **Dundon's overbreadth and harassment objections are insufficiently stated and waived.**

Dundon objects that RFPs 111-132, 135, 138-140 are "overbroad" and/or "harassing"; however, the only explanation he offers is that the requests are "not sufficiently limited in time or scope." *See* Ex. A. Dundon has not specified or produced any evidence as to why the scope of each disputed request is too great, what would constitute an appropriate time period for each request, or how these requests are in any way harassing or oppressive.

When asserting an overbreadth objection, the party resisting discovery must show specifically how the requested discovery was overly broad or oppressive by "submitting affidavits or offering evidence revealing the nature of the burden." *Heller*, 303 F.R.D. at 488; *see also Crownover*, 2017 WL 10575859, at *2 (overruling overbreadth and harassment objections where defendant failed to make any showing or argument as to how production would be overly broad or harassing). Because Dundon has failed to support his overbreadth and harassment objections with any evidence or specific explanation, his objections are boilerplate and waived. *See Heller*, 303 F.R.D. at 490-91.

3. **Dundon's undue burden objections are insufficiently stated and waived.**

Dundon objects that RFPs 111-116, 118-119, 122, 124, 126, 128, 130-131, 135, 140 are "unduly burdensome" but fails to explain or provide evidence of any purported burden, much less

describe how such burden would be undue. *See* Ex. A.

When asserting an undue burden objection, the party resisting discovery must "submit[] affidavits or offer[] evidence revealing the nature of the burden," in terms of "time, expense, or procedure." *Id.*; *see also Garcia v. Silva*, No. DR-17-CV-0058-AM-CW, 2018 WL 11597801, at *1 (W.D. Tex. Nov. 30, 2018) (same). Because Dundon has failed to submit any evidence of burden, or even explain how such burden is undue, his objections are nothing more than unsustainable boilerplate and are waived. *See Heller*, 303 F.R.D. at 490-91 (noting that "if the [objecting] lawyer had paused, made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them, as . . . [Rule] 34 responses must state objections with particularity, on pain of waiver.").

    **4.    Dundon's vagueness and ambiguousness objections are insufficiently stated and waived.**

Dundon objects that RFPs 111-117, 119-122, 124, 126-128, 130-132, and 135 are "vague and ambiguous" but provides no explanation for the specific and particular way in which each request's wording is vague or ambiguous. *See* Ex. A.

The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity and must explain the specific and particular way in which a request is vague. *Heller*, 303 F.R.D. at 491. Furthermore, the responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in discovery requests, which must be given a reasonable construction, and a responding party is not permitted to conjure up ambiguity where there is none. *Id.*

The requests at issue here are not so vague or ambiguous as to prevent Dundon from responding, yet Dundon's objections include no explanation for the specific and particular way in which each request's wording is vague or ambiguous. For example, in response to RFP 117 seeking

- 7 -

"[a]ny and all listings of all computer directories and sub-directories RELATING TO the processing of financial reports, journals, registers, and other accounting books and records on YOUR behalf between the period from January 1, 2018 through December 31, 2020," Dundon objected that the request is "vague and ambiguous, *including* through the use of the undefined phrase 'listings of all computer directories and sub-directories.'" *See* Ex. A at 5 (emphasis added). First, the term "including" suggests that Dundon failed to specify every part of the request he finds vague or ambiguous. Second, Dundon offers only a conclusory assertion that the phrase "listings of all computer directories and sub-directories" is vague without explaining the specific and particular way in which the phrase cannot be reasonably construed through the exercise of reason and common sense. Finally, the request is clear: it is asking Dundon to produce any lists of computer directories storing accounting books and records for Dundon for the relevant period. Dundon's refusal to attribute what reason and common sense would dictate are ordinary definitions to the terms in this request evidence his attempts to conjure up ambiguity where there is none, and his vagueness objections to Trustee's remaining requests are equally unjustified.

Because Dundon's vagueness and ambiguity objections fail to explain the specific and particular way in which each request's wording is vague or ambiguous, and thus amount to no more than boilerplate, his objections are improper and waived. *See Heller*, 303 F.R.D. at 490-91.

5. **Dundon's withholding statements are inadequate.**

In his responses to RFPs 111-119, 122-124, 130-132, 138, and 140, Dundon states that he is withholding documents based on the objections listed therein. *See* Ex. A. Dundon's withholding statements contravene the Federal Rules, which "dictate that a responding party must describe what portions of the . . . document request it is, and what portions it is not, answering or responding to based on its objections and why." *Heller,* 303 F.R.D. at 487. Such objections and responses leave Trustee "guessing and wondering as to the scope of the documents or information that will

be provided as responsive will be." *Id.*

Further, the party serving discovery is entitled to know documents have been withheld and *why*. *Id.* at 483 ("In the face of such objections, it is impossible to know whether information has been withheld and, if so, why.") (quoting *Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)). Consequently, it is necessary for Dundon to specify, for each objection, whether documents are being withheld subject to that specific objection. For instance, Dundon answered RFP 115 with several objections, including vagueness and ambiguity, overbreadth, irrelevance, and disproportionality, then states that he "withholds documents based on these objections." *See* Ex. A at 4. Trustee cannot determine from these answers whether documents are withheld subject to every one, or only some, of these objections.

Accordingly, to the extent Dundon has not waived his objections to each request, as described previously herein, Trustee requests that the Court order Dundon to amend his answers to separately include withholding statements for each objection, stating whether actual responsive documents of which Dundon is presently aware have been withheld based on the objection, and to specify which documents and information have been produced or will be provided as responsive.

C. **Dundon's Finances, Accounting, Taxes, and Receipt of Financial Advice are Relevant to Trustee's Claims and Dundon's Defenses**

Dundon objected that RFPs 111–116, 117[3], 118-120, 122-124, 126, 128, 130-132, 135, 138, and 140, are each, in some degree, irrelevant. However, all of these requests seek information relating to Dundon's or DCP's finances, accounting, taxes, or receipt of financial advice—i.e. information **which this Court has already ruled as relevant and discoverable** from PwC without requiring a direct relationship of the information requested to the AAF investment. *See*

---

[3] While Dundon's response to RFP 117 does not expressly list a relevance objection, it states that part or all of his objections are based on an alleged lack of "connection to" the facts of the case. *See* Ex. A at 5.

Ex. B at 165:22-166:6 (allowing discovery as to analysis, evaluation, and reporting of tax attributes from January 2019 to December 2020); 167:9-12 (allowing discovery as to financial standing and liquidity, bank statements, and financial statements from 2018 to 2020); *see also id.* at 168:18-19, 173:5-25 (allowing similar discovery).

Moreover, although it is Dundon's burden as the resisting party to show whether the requests are relevant, all of the information sought by Trustee's requests is relevant. Even setting aside claims for which motive evidence will be a useful source of information for corroboration or impeachment, Counts III (Breach of Covenant of Good Faith and Fair Dealing), IV (Promissory Estoppel), V (Breach of Fiduciary Duty), XI (Common Law Fraud, Fraudulent Misrepresentation, Fraud by Nondisclosures, and Constructive Fraud), and XII (Fraud in the Inducement) in Trustee's First Amended Complaint all put Dundon's and DCP's motives, purposes, knowledge, interests, and intentions regarding the investment in and control of the AAF squarely in issue. *See* ECF 56.

Indeed, Dundon and DCP likewise put these matters in issue. Dundon and DCP raise the business judgment rule, privilege, estoppel (presumably equitable), and reasonableness and good faith as defenses and/or affirmative defenses in their pleadings. *See* ECF 63. These defensive theories raise the same motive, intent, and mental state questions that will be addressed by Dundon's or DCP's finances, accounting, taxes, or receipt of financial advice. *See* Ex. B at 162:21-163:2 & 163:18-21. To the extent Dundon and DCP intend to claim their actions were motivated by good faith, Trustee is entitled to evidence which would tend to show their motivations were purely self-interested.

Furthermore, Dundon's and DCP's financial affairs *other* than those directly associated with the AAF are relevant to their motives and decision-making about their AAF commitment, as why they might need or want their money out of the AAF has at least as much to do with what

- 10 -

they otherwise wanted to do with the AAF as with the fundamental performance of the AAF itself. Finally, Dundon's interest in and control of DCP makes his finances relevant because his financial interests are directly relevant to this motive and intention inquiry.

Because Dundon cannot meet his burden of showing that information relating to his and DCP's finances, accounting, taxes, or receipt of financial advice is irrelevant, Trustee requests that the Court overrule Dundon's objections and compel production responsive to the same.

**D.     Dundon Should Be Compelled to Immediately Facilitate the Production of Responsive Third-Party Documents from PwC**

As stated previously, in response to the Court's rulings on the PwC Subpoena, PwC has already collected Dundon's and DCP's tax returns, including documents which underly or support the returns, and is ready to produce the same. PwC refuses to produce the documents, however, until Dundon and DCP consent to their release pursuant to 26 U.S.C. § 7216. Dundon and DCP are obstructing PwC's production in contravention of the Court's holdings at the June 10, 2024, hearing that such tax records are within the scope of discovery in this case. *See, e.g.,* Ex. B at 165:22-166:6 (allowing discovery as to analysis, evaluation, and reporting of tax attributes from January 2019 to December 2020). Accordingly, Trustee requests that this Court compel Dundon to immediately facilitate the production of the responsive documents held by PwC by providing his requisite consent to the production.

## IV.     CONCLUSION

WHEREFORE, for the reasons stated herein, Trustee respectfully requests that the Court enter an order granting this Motion in its entirety, overruling Dundon's objections to Trustee's requests for production addressed herein, compelling a full response to Trustee's requests for production addressed herein, and granting such other relief at law or in equity to which Trustee shows himself entitled.

Dated: September 17, 2024.                    Respectfully submitted,


*/s/ Katharine Battaia Clark*
**Nicole L. Williams** (SBN 24041784)
**Katharine Battaia Clark** (SBN 24046712)
**Thompson Coburn LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Phone: (972) 629-7100
Fax: (972) 629-7171
nwilliams@thompsoncoburn.com
kclark@thompsoncoburn.com

**and**

**Boris Treyzon** (CA SBN 18893)
Admitted *Pro Hac Vice*
**Jonathon Farahi** (CA SBN 324316)
Admitted *Pro Hac Vice*
**Abir Cohen Treyzon Salo, LLP**
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424-288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

**and**

**Brian S. Engel** (SBN 00789279)
**Steve P. Turner** (SBN: 20314700)
**Barrett Daffin Frappier Turner & Engel, LLP**
580 La Ventana Blvd.
Driftwood, Texas 78619
Phone: (512) 687-2503
Fax: (512) 477-0008
brianen@bdfgroup.com
stevet@bdfgroup.com

**ATTORNEYS FOR PLAINTIFFS
RANDOLPH N. OSHEROW,
CHAPTER 7 TRUSTEE, DEBTORS' ESTATE**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the Trustee conferred in good faith with counsel for Dundon regarding the relief sought herein, including through written correspondence dated August 16, 2024, verbally on September 13, 2024, as well as via email correspondence on September 12 and 13, 2024. The parties have been unable to agree in the interim.

*/s/ Katharine Battaia Clark*
Katharine Battaia Clark

## CERTIFICATE OF SERVICE

I hereby certify that, on September 17, 2024, a true and correct copy of the foregoing document was served to the below listed parties via electronic means as listed on the Court's ECF noticing system or by electronic mail.

Brent D. Hockaday
**K&L Gates LLP**
1717 Main Street, Ste. 2800
Dallas, TX 75201
brent.hockaday@klgates.com

Jeffrey S. Lowenstein
Beverly A. Whitley
Brent A. Turman
Sydnie A Shimkus
**Bell Nunnally & Martin LLP**
2323 Ross Ave., Ste 1900
Dallas, TX 75201
jlowenstein@bellnunally.com
bwhitley@bellnunnally.com
bturman@bellnunnaly.com
sshimkus@bellnunnally.com

*/s/ Katharine Battaia Clark*
Katharine Battaia Clark