# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| LEGENDARY FIELD EXHIBITIONS, LLC, § § § § | CASE NO. 19-50900-CAG | |
| | Chapter 7 | |
| Debtor. § § | | |

| | | |
|---|---|---|
| RANDOLPH N. OSHEROW, Chapter 7 Trustee, and the Bankruptcy Estates of Legendary Field Exhibits, LLC; AAF Players, LLC; AAF Properties, LLC; Ebersol Sports Media Group, Inc.; LLF 2, LLC; and We Are Realtime, LLC, § § § § § § § § | | |
| Plaintiffs, § | Adversary No. 22-05078-CAG-7 | |
| § v. § § | | |
| THOMAS DUNDON; JOHN ZUTTER; and DUNDON CAPITAL PARTNERS, LLC, § § § § § | | |
| Defendants. § | | |

### DEFENDANT THOMAS DUNDON'S OBJECTIONS AND RESPONSES TO PLAINTIFF RANDOLPH N. OSHEROW, TRUSTEE'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET THREE)

Defendant Thomas Dundon ("Dundon") objects and responds to Plaintiff Randolph N. Osherow, Trustee (the "Trustee"), on behalf of the Bankruptcy Estates of Legendary Field Exhibitions, LLC; AAF Players, LLC; AAF Properties, LLC; Ebersol Sports Media Group, Inc.; LFE2, LLC; and We Are Realtime, LLC's (collectively, "Debtors") Requests for Production of Documents (Set Three) as follows.

## I. OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Dundon objects to Instruction Nos. 1, 2, 3, 4, 6, and 7 because they purport to impose requirements on Dundon exceeding the requirements under the Federal Rules of Civil Procedure and/or Federal Rules of Bankruptcy Procedure (together, the "Applicable Rules"). Dundon will comply with his obligations under the Applicable Rules.

2. Dundon objects to Definition No. 2, "You," "Your," and "Dundon," because it includes various unspecified third parties, including attorneys. Dundon will interpret the terms "You," "Your," and "Dundon" to refer to Dundon. Invariably, applying this definition elicits documents protected from production by the attorney client privilege and work product doctrine.

3. Dundon objects to Definition No. 3, "DCP," because it includes various unspecified third parties, including attorneys. Dundon will interpret the terms "DCP" to refer to Dundon Capital Partners LLC.

## II. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION (SET THREE)

**REQUEST FOR PRODUCTION NO. 111:** Any and all electronic accounting files in native form (e.g., QuickBooks: QBB file) which IDENTIFY YOUR capital gains, investment losses, cashflow or liquidity, and compliance with regulatory and taxation authority requirements between the period from January 1, 2018, to December 31, 2020.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, the instant dispute relates to the now defunct Alliance of American Football (the "AAF"), formerly operated by the Debtors; DCP's investment therein, which occurred on or about February 14, 2019; and AAF's ultimate failure, which resulted in AAF's bankruptcy filing in April 2019. Dundon is not the investor, DCP is the investor. This request, which seeks "all electronic accounting files" during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "all accounting files…which IDENTIFY YOUR…compliance with regulatory and taxation authority requirements," which arguably includes all Dundon's accounting files. Dundon further objects to this request to the extent that it seeks Dundon's tax returns because they are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) internal quotation marks omitted)). Dundon withholds documents based on these objections.

Regarding accounting files that reflect losses resulting from the investment in the AAF, such materials would be tied to DCP, which Dundon refers to in the identical and corresponding document requests. Dundon does not have such documents in his possession.

**DUNDON'S OBJECTIONS AND RESPONSES TO TRUSTEE'S**
**REQUESTS FOR PRODUCTION OF DOCUMENTS (SET THREE)** PAGE 2 of 16

**REQUEST FOR PRODUCTION NO. 112:** Any and all financial statements which IDENTIFY YOUR capital gains, investment losses, cashflow or liquidity, and compliance with regulatory and taxation authority requirements between the period from January 1, 2018, to December 31, 2020, INCLUDING all year-end financial statements and notes RELATED to the financial statements, all monthly, quarterly, and other interim financial statements and notes RELATED to the financial statements, all balance sheets also known as statements of assets and liabilities and statements of net worth, and all income statements also known as statements of revenue and expenses and profit and loss statements.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks "all financial statements" for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon is not the investor, DCP is the investor. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "all financial statements…which IDENTIFY YOUR…compliance with regulatory and taxation authority requirements." Dundon withholds documents based on these objections.

Regarding accounting files that reflect losses resulting from the investment in the AAF, such materials would be tied to DCP, which Dundon refers to in the identical and corresponding document requests. Dundon does not have such documents in his possession.

**REQUEST FOR PRODUCTION NO. 113:** Any and all accounting books, records, journals, and registers that are part of YOUR accounting process and systems between the period from January 1, 2018, to December 31, 2020, INCLUDING general ledgers, sales journals, cash receipts journals, cash disbursement journals, accounts receivable journals, accounts payable journals, payroll journals, check registers, inventory registers, fixed asset registers, and chart of accounts.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks a broad set of unspecified materials that are "part of" Dundon's "accounting process and systems," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING general ledgers…" Dundon further objects to this request because it is overbroad, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks a host of general, accounting-related documents for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 114:** Any and all accounting schedules and working papers that are part of YOUR accounting process and system between the period from January 1, 2018 through December 31, 2020, INCLUDING trial balances, working trial balances, journal reconciliations to the general ledger, journal entries, adjusting journal entries, and recurring journal entries.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks a broad set of unspecified materials that are "part of" Dundon's "accounting process and systems," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING trial balances…" Dundon further objects to this request because it is overbroad, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks a host of general, accounting-related documents for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 115:** Any and all balance sheets, INCLUDING supporting schedules and working papers, that are part of YOUR accounting process and system between the period from January 1, 2018 through December 31, 2020, INCLUDING balance sheet classifications and groupings, bank reconciliations for all bank accounts, accounts receivable aging, accounts receivable reconciliation to ledgers and journals, allowance for doubtful accounts working papers and schedules, inventory listings and reconciliations of physical inventory counts, inventory listings of physical inventory counts, fixed asset schedules, depreciation and amortization schedules, accounts payable reconciliations, notes payable working papers and reconciliations, deferred income tax schedules and working papers, and accrued liabilities working papers.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks a broad set of unspecified materials that are "part of" Dundon's "accounting process and systems," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING balance sheet classifications…" Dundon further objects to this request because it is overbroad, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks a host of general, accounting-related documents for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 116:** Any and all statement of operations (Income Statements), INCLUDING supporting schedules and working papers, that are part of YOUR accounting process and systems between the period from January 1, 2018 through December 31,

2020, INCLUDING statement of operations classifications and groupings, sales and revenue reconciliations and working papers, gross profit reconciliations and working papers, bad debt expense working papers, allocation working papers and schedules, and consolidation working papers and schedules.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks a broad set of unspecified materials that are "part of" Dundon's "accounting process and systems," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING statement of operations…" Dundon further objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks a host of accounting-related documents for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 117:** Any and all listings of all computer directories and sub-directories RELATING TO the processing of financial reports, journals, registers, and other accounting books and records on YOUR behalf between the period from January 1, 2018 through December 31, 2020.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including through the use of the undefined phrase "listings of all computer directories and sub-directories." Dundon further objects to this request because it is overbroad, not reasonably limited in time or scope, and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Computer directories and subdirectory listings have no connection to DCP's investment in the AAF or the financial implications related thereto. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 118:** Any and all of YOUR audited, reviewed, and compiled financial statements between the period from January 1, 2018 to December 31, 2020, INCLUDING all year-end financial statements and notes RELATED to the financial statements, all monthly, quarterly, and other interim financial statements and notes RELATED to the financial statements, all balance sheets, all income statements, and all accountants' work papers.

**RESPONSE:** Dundon objects to this request because it is overbroad, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks general financial information for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes

a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 119:** Any and all reports, studies, analyses, and opinion letters RELATING TO work performed internally or by outside professionals on YOUR behalf between the period from January 1, 2018 to December 31, 2020, INCLUDING cash flow analyses and projections, business plans, financial projections, annual reports, business valuation or appraisal reports, organizational charts, strategic plans, reports and memos, market share analyses and reports, customer relationship management reports and identification of software, compensation analyses and reports, study and evaluation of YOUR internal controls and accounting systems, pro forma financial statements, budgets, and identification of RELATED entities or subsidiaries, INCLUDING DCP, DDFS Management, LLC, DDFS Partnership, LP, Dundon Fund I Manager, LLC, Dundon Fund II Manager, LLC, Dundon Fund I, LP, Dundon Fund II, LP, Dundon Capital Acquisition Corporation, the CDDB Trust, dated December 14, 2010, and the Dundon's Children Trust, dated November 3, 2006.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks a host of unspecified "reports, studies and analyses" related to unspecified "work performed" by Dundon or by third parties on Dundon's behalf, and thus fails to specify the documents requested with sufficient particularity, with the exception of the list of materials after "INCLUDING cash flow analyses…" Dundon further objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks a host of accounting-related documents for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 120:** Any and all tax returns submitted by YOU or on YOUR behalf from January 1, 2018 to December 31, 2020, that reflect, depict, record, or otherwise evidence any net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO Debtors.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing and seeks irrelevant information. Dundon is not the investor, DCP is the investor. Dundon further objects to this request because it seeks Dundon's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "RELATED TO Debtors." Specifically, it is unclear whether this request seeks documents evidencing net losses, etc. associated with a *direct* investment by Dundon in Debtors, or whether it also includes documents evidencing a net loss, etc. in DCP, which arguably "relates" to Debtors by virtue of DCP's investment therein. Dundon adopts the former interpretation. Based on that interpretation, Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 121:** Any and all DOCUMENTS from January 1, 2018, to December 31, 2020, that reflect, depict, record, or otherwise evidence any net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO DEBTORS.

**RESPONSE:** Dundon objects to this request because it is overbroad, not reasonably limited in time or scope, and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Dundon is not the investor, DCP is the investor. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "RELATED TO Debtors." Specifically, it is unclear whether this request seeks documents evidencing net operating losses, etc. associated with a *direct* investment by Dundon in Debtors, or whether it also includes documents evidencing a net loss, etc. in DCP, which arguably "relates" to Debtors by virtue of DCP's investment therein. Dundon adopts the former interpretation. Based on that interpretation, Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 122:** Any and all schedules and attachments, work papers, general ledgers, financial statements, adjustments, journal entries, franchise board tax returns, state board of equalization filings, and licensing filings that reflect, depict, record, refer to, evidence or otherwise support any tax returns submitted by YOU or on YOUR behalf from January 1, 2018 to December 31, 2020.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks general financial-related documents "support[ing]" Dundon's tax returns during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "reflect, depict, record, refer to, evidence or otherwise support any tax returns." Dundon further objects to this request to the extent that it seeks Dundon's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 123:** Any and all tax returns submitted by DCP or on DCP's behalf from January 1, 2018 to December 31, 2020, that reflect, depict, record, or otherwise evidence any net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO Debtors.

**RESPONSE:** Dundon objects to this request because it is overbroad and seeks irrelevant information. Specifically, except as related specifically to "net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO Debtors," DCP's tax returns are

irrelevant to any claim or defense in this case. Dundon further objects to this request because it seeks DCP's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive documents, if any, sufficient to evidence any net operating losses, carrybacks and carryforwards, capital gains, and capital losses related to DCP's investment in AAF. Dundon otherwise withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 124:** Any and all schedules and attachments, work papers, general ledgers, financial statements, adjustments, journal entries, franchise board tax returns, state board of equalization filings, and licensing filings that reflect, depict, record, refer to, evidence or otherwise support any tax returns submitted by DCP or on DCP's behalf from January 1, 2018 to December 31, 2020.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks general financial-related documents "support[ing]" DCP's tax returns during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into DCP's finances. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "reflect, depict, record, refer to, evidence or otherwise support any tax returns." Dundon further objects to this request to the extent that it seeks DCP's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 125:** Any and all tax returns submitted by DDFS Management, LLC or on DDFS Management, LLC's behalf from January 1, 2018 to December 31, 2020, that reflect, depict, record, or otherwise evidence any net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO Debtors.

**RESPONSE:** Dundon objects to this request because it is overbroad, not reasonably limited in time or scope, and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. DDFS Management, LLC ("DDFS Management") is not the investor, DCP is the investor. Dundon further objects to this request because it seeks DDFS Management's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex.,

No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive documents, if any, that evidence DDFS Management's operating losses related to the Debtors.

**REQUEST FOR PRODUCTION NO. 126:** Any and all schedules and attachments, work papers, general ledgers, financial statements, adjustments, journal entries, franchise board tax returns, state board of equalization filings, and licensing filings that reflect, depict, record, refer to, evidence or otherwise support any tax returns submitted by DDFS Management, LLC or on DDFS Management, LLC's behalf from January 1, 2018 to December 31, 2020.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks general financial-related documents "support[ing]" DDFS Management's tax returns during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into DDFS Management's finances. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "reflect, depict, record, refer to, evidence or otherwise support any tax returns." Dundon further objects to this request to the extent that it seeks DDFS Management's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive documents, if any, that evidence DDFS Management's operating losses related to the Debtors.

**REQUEST FOR PRODUCTION NO. 127:** Any and all tax returns submitted by DDFS Partnership, LP or on DDFS Partnership, LP's behalf from January 1, 2018 to December 31, 2020, that reflect, depict, record, or otherwise evidence any net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO Debtors.

**RESPONSE:** Dundon objects to this request because it is overbroad, not reasonably limited in time or scope, and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. DDFS Partnership, LP ("DDFS Partnership") is not the investor, DCP is the investor. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "RELATED TO Debtors." Dundon further objects to this request because it seeks DDFS Partnership's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d

1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive documents, if any, that evidence DDFS Partnership's operating losses related to the Debtors.

**REQUEST FOR PRODUCTION NO. 128:** Any and all schedules and attachments, work papers, general ledgers, financial statements, adjustments, journal entries, franchise board tax returns, state board of equalization filings, and licensing filings that reflect, depict, record, refer to, evidence or otherwise support any tax returns submitted by DDFS Partnership, LP or on DDFS Partnership, LP's behalf from January 1, 2018 to December 31, 2020.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, this request, which seeks general financial-related documents "support[ing]" DDFS Partnership's tax returns during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into DDFS Partnership's finances. Dundon further objects to this request because it is vague and ambiguous, including through use of the phrase "reflect, depict, record, refer to, evidence or otherwise support any tax returns." Dundon further objects to this request to the extent that it seeks DDFS Partnership's tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive documents, if any, that evidence DDFS Partnership's operating losses related to the Debtors.

**REQUEST FOR PRODUCTION NO. 129:** Any and all DOCUMENTS from January 1, 2018, to December 31, 2020, that reflect, depict, record, or otherwise evidence any net operating losses carrybacks and carryforwards, capital gains, and capital losses RELATED TO DEBTORS.

**RESPONSE:** Dundon objects to this request because it is overbroad, not reasonably limited in time or scope, and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Dundon is not the investor, DCP is the investor. Dundon further objects to this request to the extent that it seeks tax returns, which are "highly sensitive documents", and the Fifth Circuit has cautioned that courts should be "reluctant to order their routine disclosure as a part of discovery." *McKee v. Chubb Lloyds Ins.* Co. of Tex., No. SA-22-CV-01110-XR, 2024 WL 819587, at *2 (W.D. Tex. Feb. 27, 2024) (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397,1411 (5th Cir. 1993) (internal quotation marks omitted)). Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive documents, if any, that evidence operating losses related to the Debtors.

**REQUEST FOR PRODUCTION NO. 130:** Any and all of DCP's corporate records between the period from January 1, 2018 to December 31, 2020, INCLUDING Articles of Incorporation, INCLUDING any and all amendments thereto, Operating Agreements, INCLUDING any and all amendments thereto, By-laws, INCLUDING any and all amendments thereto, Stock Certificate Books, Minutes of Stockholders' meetings, Minutes of Directors' meetings, organizational charts, and corporate resolutions.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks all "corporate records," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING Articles of Incorporation…" Dundon further objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Specifically, corporate meeting minutes, resolutions, and the like unrelated to DCP's investment in AAF are irrelevant to any claim or defense in this lawsuit. Dundon withholds documents based on these objections.

As it pertains to corporate meeting minutes or resolutions related to DCP's investment in the AAF, Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 131:** Any and all of DDFS Management, LLC's corporate records between the period from January 1, 2018 to December 31, 2020, INCLUDING Articles of Incorporation, INCLUDING any and all amendments thereto, Operating Agreements, INCLUDING any and all amendments thereto, By-laws, INCLUDING any and all amendments thereto, Stock Certificate Books, Minutes of Stockholders' meetings, Minutes of Directors' meetings, organizational charts, and corporate resolutions.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks all "corporate records," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING Articles of Incorporation…" Dundon further objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. DDFS Management is not the investor, DCP is the investor. Moreover, corporate meeting minutes, resolutions, and the like unrelated to DCP's investment in AAF are irrelevant to any claim or defense in this lawsuit. Dundon withholds documents based on these objections.

As it pertains to corporate meeting minutes or resolutions related to DCP's investment in the AAF, Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 132:** Any and all of DDFS Partnership, LP's corporate records between the period from January 1, 2018 to December 31, 2020, INCLUDING Articles of Incorporation, INCLUDING any and all amendments thereto, Operating Agreements, INCLUDING any and all amendments thereto, By-laws, INCLUDING any and all amendments

thereto, Stock Certificate Books, Minutes of Stockholders' meetings, Minutes of Directors' meetings, organizational charts, and corporate resolutions.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including because it seeks all "corporate records," but fails to describe the materials sought with sufficient particularity, with the exception of the list of materials following "INCLUDING Articles of Incorporation…" Dundon further objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. DDFS Partnership is not the investor, DCP is the investor. Moreover, corporate meeting minutes, resolutions, and the like unrelated to DCP's investment in AAF are irrelevant to any claim or defense in this lawsuit. Dundon withholds documents based on these objections.

As it pertains to corporate meeting minutes or resolutions related to DCP's investment in the AAF, Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 133:** Any and all DOCUMENTS, INCLUDING agreements, contracts, financial statements, and COMMUNICATIONS, that reflect, depict, record, or otherwise evidence the determination of the tax basis in the stock YOU acquired from Debtors.

**RESPONSE:** Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 134:** Any and all DOCUMENTS, INCLUDING financial statements, tax returns, asset registers, and supporting schedules, that detail the historic tax basis of Debtors' assets as of the date of YOUR acquisition of Debtors' stock.

**RESPONSE:** Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 135:** Any and all DOCUMENTS, INCLUDING tax returns, schedules, ledgers, and correspondence, that reflect, depict, record, or otherwise evidence Debtors' tax attributes, INCLUDING net operating losses, tax credits, and other carryforwards or carrybacks.

**RESPONSE:** Dundon objects to this request because it is vague and ambiguous, including through use of the phrase "all documents…that reflect…Debtors' tax attributes," which could arguably encompass any number of irrelevant documents. Dundon further objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Dundon is conducting a reasonable search for and will produce relevant portions of non-privileged responsive (a) documents sufficient to show use of Debtor's net operating losses as carrybacks or carryforwards; and (b) communications, if any, about that use. Dundon otherwise withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 136:** Any and all DOCUMENTS, INCLUDING tax returns, schedules, worksheets, and correspondence, that reflect, depict, record, or otherwise evidence YOUR treatment of YOUR investment in Debtors as either debt or equity on YOUR tax returns.

**RESPONSE:** Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 137:** Any and all DOCUMENTS, INCLUDING tax returns, schedules, analyses, and correspondence, that reflect, depict, record, or otherwise evidence YOUR use of Debtors' net operating losses as carrybacks or carryforwards.

**RESPONSE:** Dundon has no responsive documents.

**REQUEST FOR PRODUCTION NO. 138:** Any and all DOCUMENTS, INCLUDING tax returns, schedules, transaction records, and correspondence, that reflect, depict, record, or otherwise evidence YOUR offsetting of capital gains with capital losses subsequent to YOUR acquisition of Debtors' stock.

**RESPONSE:** Dundon objects to this request because it is overbroad, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the importance of discovery in resolving the relevant issues. Dundon is not the investor, DCP is the investor. Moreover, this request, which seeks financial-related documents for Dundon during a multi-year period and is untethered to DCP's investment in AAF, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

**REQUEST FOR PRODUCTION NO. 139:** Any and all accounting books, records, journals, and registers that are part of YOUR accounting process and systems between the period from January 1, 2018 to December 31, 2020, INCLUDING general ledgers, sales journals, cash receipts journals, cash disbursement journals, accounts receivable journals, accounts payable journals, payroll journals, check registers, inventory registers, fixed asset registers, and chart of accounts.

**RESPONSE:** Dundon objects to this Request because it is duplicative of Request No. 113. Dundon incorporates by reference his objections and response to that request as if set forth herein.

**REQUEST FOR PRODUCTION NO. 140:** Any and all DOCUMENTS RELATING TO YOUR legal or equitable interest in any property between the period from January 1, 2018 to December 31, 2020, INCLUDING checking and savings bank accounts; stocks, bonds, and other securities; accounts receivable; intellectual property; real property; and insurance policies.

**RESPONSE:** Dundon objects to this request because it is overbroad, harassing, unduly burdensome, not sufficiently limited in time or scope, and seeks discovery that is irrelevant and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, and the

importance of discovery in resolving the relevant issues. Specifically, this request, which seeks "all documents relating to" Dundon's interest in any property during a multiyear period, is facially overbroad, seeks documents that are irrelevant to any claim or defense in this lawsuit and constitutes a fishing expedition into Dundon's finances. Dundon withholds documents based on these objections.

Respectfully submitted,

By: /s/ *Sydnie A. Shimkus*

**K&L GATES LLP**

    Brent D. Hockaday
    Texas Bar No. 24071295
    Brent.hockaday@klgates.com
    1717 Main Street, Suite 2800
    Dallas, Texas 75201
    (214) 939-5677
    (214) 939-5849 Fax

**BELL NUNNALLY & MARTIN LLP**

    Jeffrey S. Lowenstein
    Texas Bar No. 24007574
    jlowenstein@bellnunnally.com
    Beverly A. Whitley
    Texas Bar No. 21374500
    bwhitley@bellnunnally.com
    Brent A. Turman
    Texas Bar No. 24077506
    bturman@bellnunnally.com
    Sydnie A. Shimkus
    Texas Bar No. 24093783
    sshimkus@bellnunnally.com
    2323 Ross Ave., Ste. 1900
    Dallas, Texas 75201
    (214) 740-1400
    (214) 740-1499 Fax

    **ATTORNEYS FOR DCP PARTIES**

**CERTIFICATE OF SERVICE**

  The undersigned certifies a true and correct copy of the foregoing pleading was served by delivering the same to the person listed below in the manner and on the date indicated.

**VIA EMAIL**
Nicole L. Williams
Email: nwilliams@thompsoncoburn.com
Katherine Battaia Clark
Email: dkclark@thompsoncoburn.com
THOMPSON COBURN LLP
2100 Ross Avenue, Suite 3200
Dallas, TX 75201
*Counsel for Plaintiffs Randolph N. Osherow, Chapter 7 Trustee, Debtors' Estate*

**VIA EMAIL**
Boris Treyzon
Email: btreyzon@actslaw.com
Jonathon Farahi
Email: jfarahi@actslaw.com
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Boulevard, Suite 200
Encino, CA 91436
*Counsel for Plaintiffs Randolph N. Osherow, Chapter 7 Trustee, Debtors' Estate*

**VIA EMAIL**
Brian S. Engel
Email: brianen@bdfgroup.com
Steve P. Turner
Email: stevet@bdfgroup.com
BARRETT DAFIN FRAPPIER TURNER & ENGEL, LLP
580 La Ventana Blvd.
Driftwood, TX 78619
*Counsel for Plaintiffs Randolph N. Osherow, Chapter 7 Trustee, Debtors' Estate*

  Dated August 1, 2024.

            */s/ Sydnie A. Shimkus*
            Sydnie A. Shimkus

10228069.1