

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 15, 2024.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-50900-CAG-7** |
| **LEGENDARY FIELD** | § | |
| **EXHIBITIONS, LLC, ET AL.,** | § | |
| | § | **CHAPTER 7** |
| DEBTORS. | § | |
| _____ | § | |
| **RANDOLPH N. OSHEROW,** | § | |
| **Chapter 7 Trustee of the Bankruptcy** | § | |
| **Estates of Legendary Field Exhibitions, LLC;** | § | |
| **et al** | § | |
| PLAINTIFF, | § | |
| v. | § | **ADV. PROC. NO. 22-05078-cag** |
| | § | |
| **THOMAS DUNDON, et al** | § | |
| DEFENDANTS. | § | |

### ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO COMPEL PRODUCTION

Before the Court are Plaintiff Randolph N. Osherow's ("Trustee") motions to compel production of documents from Defendants Thomas Dundon and Dundon Capital Partners LLC (ECFs 133 and 134). The Court heard these motions on September 19, 2024, and issued an oral ruling on October 9, 2024. For the reasons given in that oral ruling, which are incorporated herein, the Court now orders as follows with respect to the motions to compel:

Defendant Dundon's objections to Trustee's requests for production 111, 112, 113, 114, 115, and 116, and Defendant Dundon Capital Partners' objections to Trustee's requests for production 21, 22, 23, 24, 25, and 26, are overruled. Trustee's motions to compel are GRANTED as to these requests.

Defendant Dundon's objections to Trustee's request for production 117, and Defendant Dundon Capital Partners' objections to Trustee's request for production 27, on the basis of vagueness, are sustained. Trustee's motions to compel are DENIED as to these requests.

Defendant Dundon's objections to Trustee's request for production 118, and Defendant Dundon Capital Partners' objections to Trustee's request for production 28 are overruled. Trustee's motions to compel are GRANTED as to these requests.

Defendant Dundon's objections to Trustee's request for production 119, and Defendant Dundon Capital Partners' objections to Trustee's request for production 29, are overruled as to information related to Dundon Capital Partners, DDFS Management, LLC, and DDFS Partnership, LLC, and sustained as all entities other than these. Trustee's motions to compel are GRANTED IN PART and DENIED IN PART in a manner consistent with the Court's ruling on Defendants' objections to these requests.

Defendant Dundon's objections to Trustee's request for production 120, and Defendant Dundon Capital Partners' objections to Trustee's request for production 30 are overruled. Trustee's motions to compel are GRANTED as to these requests.

Defendant Dundon's objections to Trustee's request for production 121, and Defendant Dundon Capital Partners' objections to Trustee's request for production 31 are overruled, except to the extent duplicative of material responsive to Trustee's request for production 120 to Defendant Dundon and Trustee's request for production 30 to Defendant Dundon Capital Partners. Trustee's motions to compel are GRANTED as to these requests.

Defendant Dundon's objections to Trustee's request for production 122, and Defendant Dundon Capital Partners' objections to Trustee's request for production 32 are overruled. Trustee's motions to compel are GRANTED as to these requests.

Defendant Dundon's objections to Trustee's requests for production 123 and 124 are sustained, as Trustee should seek responsive materials from Defendant Dundon Capital Partners. Trustee's motion to compel is DENIED as to these requests.

Defendant Dundon's objections to Trustee's requests for production 125 and 126 are sustained, based on Dundon's representation that he will provide responsive documents that evidence DDFS Management, LLC's operating losses related to Debtor. Accordingly, Trustee's motion to compel is DENIED as to these requests.

Defendant Dundon's objections to Trustee's requests for production 127 and 128 are sustained, based on Dundon's representation that he will provide responsive documents that evidence DDFS Partnership, LP's operating losses related to Debtor. Accordingly, Trustee's motion to compel is DENIED as to these requests.

Defendant Dundon's objections to Trustee's request for production 129 are overruled. Trustee's motion to compel is GRANTED as to this request.

Defendant Dundon's objections to Trustee's request for production 130, and Defendant Dundon Capital Partners' objections to Trustee's request for production 33 are sustained and overruled, respectively, because the requested materials should be sought from Defendant Dundon Capital Partners. Trustee's motions to compel are DENIED and GRANTED, respectively, consistent with the Court's ruling on Defendants' objections to these requests.

Defendant Dundon's objections to Trustee's requests for production 131 and 132 are sustained. Trustee's motions to compel are DENIED as to these requests.

Defendant Dundon's objections to Trustee's request for production 133 and Defendant Dundon Capital Partners' objections to Trustee's request for production 34 are sustained and overruled, respectively, except that the Court overrules Defendant Dundon Capital Partners' objections only as to the period of January 1, 2018 through December 31, 2020. Accordingly, Trustee's motions to compel are DENIED and GRANTED IN PART, respectively, consistent with the Court's ruling on Defendants' objections to these requests.

Defendant Dundon Capital Partners has indicated it is looking for documents responsive to requests for production 134 (to Dundon) and 35 (to Dundon Capital Partners). The Court orders Dundon Capital Partners to continue to look for responsive documents to these requests.

Defendant Dundon's objections to Trustee's request for production 135, and Defendant Dundon Capital Partners' objections to Trustee's request for production 36, are overruled as to the period between January 1, 2018 and December 31, 2020, and otherwise sustained. Accordingly, Trustee's motions to compel are GRANTED IN PART and otherwise DENIED consistent with the Court's ruling on Defendants' objections to these requests.

Defendant Dundon's objections to Trustee's requests for production 136 and 137 are sustained as Defendant Dundon indicated he has no responsive documents, and Defendant Dundon Capital Partners' objections to Trustee's requests for production 37 and 38, are overruled only as to the period January 1, 2018 through December 31, 2020, but otherwise sustained. Accordingly, Trustee's motions to compel are therefore DENIED and GRANTED IN PART consistent with the Court's ruling on Defendants' objections to these requests.

Defendant Dundon's objections to Trustee's request for production 138, and Defendant Dundon Capital Partners' objections to Trustee's request for production 39 are overruled, but only as to the period January 1, 2018 through December 31, 2020, and otherwise sustained. Trustee's motions to compel are GRANTED IN PART and DENIED consistent with the Court's ruling on Defendants' objections to these requests.

Defendant Dundon's objections to Trustee's request for production 139 and Defendant Dundon Capital Partners' objections to Trustee's request for production 40 are sustained. Trustee's motions to compel are DENIED as to these requests.

Defendant Dundon's objections to Trustee's request for production 140 and Defendant Dundon Capital Partners' objections to Trustee's request for production 41 are sustained. Trustee's motions to compel are DENIED as to these request.

Pursuant to the oral ruling stated on the record on October 9, 2024, and as set forth above, Trustee's motions to compel are GRANTED IN PART and DENIED IN PART.  Defendants are ORDERED to complete a reasonably diligent search for, and to produce by October 23, 2024, responsive documents for all requests on which their objections have been overruled.

# # #

ORDER ON MOTIONS TO COMPEL

**SUBMITTED BY:**

*/s/ Nicole L. Williams*
Nicole L. Williams
**Thompson Coburn LLP**
2100 Ross Avenue, Suite 3200
Dallas, TX 75201
Phone: (972) 629-7113
Fax: 972-629-7171
nwilliams@thompsoncoburn.com

*Counsel for Plaintiffs*