## BINDING TERM SHEET FOR SERIES 2 PREFERRED STOCK FINANCING

This Binding Term Sheet (the "Agreement") outlines a summary of terms for a proposed financing of the company set forth below. This Binding Term Sheet shall be a binding agreement of the signatories below enforceable by one party against the other, as set forth below, upon the Company's (as defined below) receipt of the Initial Funding Amount (as defined below) by 2pm PST on February 14, 2019 and each party hereto executing this Binding Term Sheet.

**Offering Terms:**

| | |
|---|---|
| **Issuer:** | Ebersol Sports Media Group, Inc., a Delaware corporation (the "**Company**"). |
| **Securities:** | Series 2 Preferred Stock (the "**Series 2**"). |
| **Investor:** | Dundon Capital Partners LLC (the "**Investor**"). |
| **Initial Funding Amount:** | The Investor will invest $5,100,000 (the "**Initial Funding Amount**") by 1:30pm PST on February 14, 2019. |
| **Funding Commitment:** | During the period from the effectiveness of this Binding Term Sheet through June 30, 2019, the Company will have the right to submit an equity funding request to the Investor, which shall state the amount of funding requested and include a supporting budget, subject to a maximum cumulative commitment of $70,000,000. Within 5 calendar days of receipt of each such request, the Investor will invest into the Company the full funding amount listed on such request. |
| **Investor Ownership:** | Upon the execution of this Agreement and Funding of the Initial Funding Amount, the Company will issue the Investor a number of shares of Series 2 such that immediately after the Closing, the Investor will own 75% of the Company's fully diluted capital stock. |
| **Available Equity Pool:** | The Investors and the Company's current management team will work in good faith to mutually determine and approve the issuance of equity compensation to the Company's service providers, but such amount shall not impact the Investor's ownership percentage on a fully diluted basis.. |
| **Participating Liquidation Preference:** | With respect to any cash flow distributions to owners of the Company, whether from a sale, dividend, liquidation, dissolution or winding up of the Company or any other source, the holders of the Series 2 shall be entitled to receive in preference to the holders of the existing Preferred Stock and Common Stock an aggregate liquidation preference amount equal their funded capital plus a preferred return equal of 20% per year, calculated using the XIRR function in Microsoft Excel.. After the payment of all Preferred Stock liquidation preferences, the holders of the Series 2 shall also participate together with the holders of Common Stock on an as-converted to Common Stock basis. |
| **PIK Dividends:** | The Investor will accrue dividends at a rate of 20% per annum based on its actual aggregate Series 2, with such amount payable either in cash or in kind, at the discretion of the Company. Such dividends will be paid before any dividends, redemptions or other distributions are otherwise payable on any class of stock, unless approved by the Investor. |
| **Board of Directors and Governance:** | Upon the execution of this Agreement, the authorized size of the Board shall immediately be set at four members, two of which shall be voting members |



DocuSign Envelope ID: AD293AB2-1D25-4E85-9887-70C27A3C1C8D

|  |  |
|---|---|
|  | and two shall be non-voting members, consisting of members two voting members designated by the holders of a majority of the Series 2 (initially John Zutter and Tom Dundon) and two non-voting members designated by Charlie Ebersol. The Board shall have full authority over all aspects of the Company. The Investor shall have the right to make any and all day-to-day business decisions for or on behalf of the Company, including but not limited to determining capital required to be drawn under this Agreement, to bind the Company or to enter into any agreement on behalf of the Company. The Investor shall have the further right to define or limit any authorities of any employee, Director, advisor, representative, vendor, consultant or officer of the Company, up to and including terminating such individual or entity. To the maximum extent permissible under Delaware law, the parties agree that the Investor, in its role as such or as a director, officer or any other related role to the Company, shall have no fiduciaries obligations to the Company or its owners. |
| **Closing:** | The Investor shall provide definitive documentation ("Definitive Documentation") as soon as practicable, and the Company and its representatives shall be obligated to sign such documentation provided the liquidation preference, preferred rate and fully diluted ownership defined therein is no worse than that described in this Agreement. The Company is bound under this Agreement to agree to any other provisions provided for in such documentation. |
| **Counsel and Expenses:** | Investor shall provide definitive documents. ==Any transaction costs borne by the Investor associated with the transaction shall be reimbursed by the Company, including any costs associated with enforcing this Agreement.== |
| **Confidentiality:** | The terms of this Binding Term Sheet and any related discussions shall be kept confidential by the Company and shall be disclosed by the Company only to such parties as have a need to know as part of the legal and due diligence and related usual and customary processes related to preparing and executing the definitive agreements that will consummate the transactions contemplated hereby. |

This Binding Term Sheet shall be effective upon the Investor's funding of the Initial Funding Amount and upon execution and delivery hereof by all the parties hereto and may be executed in two or more counterparts (including but not limited to in .pdf (portable document format) and via facsimile), each of which may be executed by one or more of the parties hereto, but all of which when taken together shall constitute one agreement binding upon all of the parties hereto.

The terms and provisions of this Binding Term Sheet may be modified or amended only by written agreement executed by all parties hereto and shall be binding upon the successors and permitted assigns of the parties hereto; neither party shall assign its obligations under this Binding Term Sheet to any other person or entity without the prior written consent of the Investor.

All issues and questions concerning the construction, validity, enforcement and interpretation of this Binding Term Sheet shall be governed by, and construed in accordance with, the laws of the State of Delaware without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Delaware or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Delaware. In furtherance of the foregoing, the internal law of the State of Delaware shall control the interpretation and construction of this Binding Term Sheet, even though under that jurisdiction's choice of law or conflict of law analysis, the substantive law of some other jurisdiction would ordinarily apply.

Each of the parties submits to the exclusive jurisdiction of any state or federal court sitting in the State of Texas, in Dallas, Texas, in any action or proceeding arising out of or relating to this Binding Term Sheet, agrees that all claims

DocuSign Envelope ID: AD293AB2-1D25-4E85-9887-70C27A3C1C8D

in respect of the action or proceeding may be heard and determined in any such court and agrees not to bring any action or proceeding arising out of or relating to this Binding Term Sheet in any other court. Each of the parties waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought and waives any bond, surety or other security that might be required of any other party with respect thereto. Nothing in this paragraph shall affect the right of any party to serve legal process in any other manner permitted by law. Each party agrees that a judgment in any action or proceeding so brought shall be conclusive and may be enforced by suit on the judgment or in any other manner provided by law, including in any court of competent jurisdiction.

EACH OF THE PARTIES HERETO WAIVES ANY RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON, ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS BINDING TERM SHEET OR ANY COURSE OF CONDUCT, COURSE OF DEALING, VERBAL OR WRITTEN STATEMENT OR ACTION OF ANY PARTY HERETO.

This Binding Term Sheet shall terminate only upon execution of Definitive Documentation.

Acknowledged and agreed:

**Dundon Capital Partners LLC**

By:_____

Name:_____

Title:_____

**Ebersol Sports Media Group, Inc.**

By: _[DocuSigned]_____

Name: Charles Ebersol

Title: Chief Executive Officer

DocuSign Envelope ID: AD293AB2-1D25-4E85-9887-70C27A3C1C8D

| | |
|---|---|
| From: | DocuSign NA3 System[dse_NA3@docusign.net] |
| Sent: | Thur 2/14/2019 9:28:00 PM (UTC) |
| To: | John Zutter[jz@dundon.co] |
| Subject: | Completed: FW_10589776_2_ESMG - Series 2 Term Sheet[2] |
| Attachment: | FW_10589776_2_ESMG - Series 2 Term Sheet[2].docx.pdf |



**Alan Kantowitz**
alan@aaf.com

All parties have completed FW_10589776_2_ESMG - Series 2 Term Sheet[2].

**Do Not Share This Email**
This email contains a secure link to DocuSign. Please do not share this email, link, or access code with others.

**Alternate Signing Method**
Visit DocuSign.com, click 'Access Documents', and enter the security code:
8D3353D615674C4D98E890B52EBE9A733

**About DocuSign**
Sign documents electronically in just minutes. It's safe, secure, and legally binding. Whether you're in an office, at home, on-the-go -- or even across the globe -- DocuSign provides a professional trusted

solution for Digital Transaction Management™.

**Questions about the Document?**
If you need to modify the document or have questions about the details in the document, please reach out to the sender by emailing them directly.

If you are having trouble signing the document, please visit the Help with Signing page on our Support Center.

Download the DocuSign App

This message was sent to you by Alan Kantowitz who is using the DocuSign Electronic Signature Service. If you would rather not receive email from this sender you may contact the sender with your request.