**EXHIBIT 12**

```
 1            UNITED STATES BANKRUPTCY COURT
 2              WESTERN DISTRICT OF TEXAS
 3                SAN ANTONIO DIVISION
 4
 5   IN RE:                              *
                                         * NO. 19-50900-CAG-7
 6   LEGENDARY FIELD EXHIBITIONS,*
     LLC, ET AL,                         *
 7    DEBTORS.                           * CHAPTER 7
     _____
 8   RANDOLPH N. OSHEROW, CHAPTER*
     7 TRUSTEE OF THE BANKRUPTCY  *
 9   ESTATES OF LEGENDARY FIELD   *
     EXHIBITIONS, LLC; AAF        *
10   PLAYERS, LLC; AAF            *
     PROPERTIES, LLC; EBERSOL     *
11   SPORTS MEDIA GROUP, INC.;    *
     LFE 2, LLC; AND WE ARE       *
12   REALTIME, LLC,               *
                                  *
13   VS.                          * NO. 22-05078-CAG
                                  *
14   DUNDON CAPITAL PARTNERS,     *
     LLC; THOMAS DUNDON; AND      *
15   JOHN ZUTTER                  *
16
17
                    --------------------------------
18              ORAL AND VIDEOTAPED DEPOSITION OF
                           JOHN ZUTTER
19                     NOVEMBER 12, 2024
                    --------------------------------
20
21
22
23
24
25

                                              Page 1
```

```
 1   raising additional capital.  Do you ever recall
 2   speaking to him?
 3        A.   I don't recall that name.
 4        Q.   Okay.  Prior to a bankruptcy filing
 5   going forward, was there any consideration
 6   undertaken how the league can survive by raising
 7   additional capital?
 8        A.   That was a topic that was discussed
 9   in the context of considering our choices.
10        Q.   And what, if any, decisions were
11   made?
12        A.   We determined that it was in the best
13   course to pursue bankruptcy.
14        Q.   And were you -- was the board, not
15   individual doctors, but was the board was
16   advised by counsel that that is the best
17   interest of the company?
18                 MR. HOCKADAY:  Hold on.
19             Can you be clear on what
20        counsel you're referencing?
21                 MR. TREYZON:  Any counsel.
22        I'm being very clear.  Not
23        individual capacity.
24             MR. HOCKADAY:  Okay.
25        Q    (BY MR. TREYZON)  Was the board
```

Page 304

```
 1   advised that it's in the best interest of the
 2   company to proceed with bankruptcy filing?
 3        A.   I don't recall the specific advice of
 4   counsel.  I think, from recollection, we
 5   discussed the various choices but I do not
 6   recall whether they made an affirmative
 7   recommendation.
 8        Q.   What factors did the board consider
 9   when it voted for bankruptcy?
10        A.   Viability of the business, realistic
11   opportunities for alternative pathways.
12             MR. ENGEL:  Did you say
13        alternative capital?
14             THE WITNESS:  Pathways.
15        Q    (BY MR. TREYZON)  And by alternative
16   pathways, do you include -- do you include
17   ability to raise additional capital?
18        A.   Yes.
19        Q.   And what steps, if any, did the board
20   take in raising additional capital?
21             MR. HOCKADAY:  Object to
22        form.
23        A.   We were trying to assemble the
24   information as to being able to even represent
25   what we did or didn't have.  At no point in time
```

Page 305

```
 1    prior to going through the bankruptcy process
 2    did we even have a full sense of what
 3    obligations observation the business had and as
 4    a result, we didn't think that it would be
 5    ethical or appropriate and in fact, you know, we
 6    thought -- and
 7    I -- from recollection, I think counsel
 8    discussed this with us, that the potential of
 9    taking on more capital when you had absolutely
10    no idea what the outstanding obligations of the
11    business were, you did not have credible
12    accounting systems, you did not have credible
13    perspectives from an inside-out perspective that
14    you actually could create a viable business in
15    any reasonable time frame with any reasonable
16    amount of money, we didn't think that we were in
17    a position where we could even represent to a
18    new investor what the company did or did not
19    have.
20         Q    (BY MR. TREYZON)  So am I correct you
21    took no steps to actually raise additional money
22    from outside investors based --
23         A.   No, I do not agree with that
24    statement.
25         Q.   Let me finish.
```

Page 306

```
 1                   -- based on this lack of information
 2      that you are talking about?
 3                   MR. HOCKADAY:  Object to
 4           form.
 5           A.    No, I do not agree.
 6           Q     (BY MR. TREYZON)  Tell me where the
 7      disagreement is.
 8           A.    Most of your sentence.
 9           Q.    Okay.  Did you try to raise money?
10           A.    I think -- what is the definition of
11      try to raise money?
12           Q.    Reaching out to potential investors
13      who have liquid capital to invest in the
14      business.
15                   MR. HOCKADAY:  Object to
16           form.
17           A.    There were a variety of conversations
18      between either the management team or members of
19      the board with a variety of stakeholders, but at
20      no point did we find that there was a credible
21      path that what have allowed for the company to
22      proceed while making accurate representations to
23      potential investors.
24           Q     (BY MR. TREYZON)  Would you agree
25      with me that the company provided you a
```

Page 307

```
 1            UNITED STATES BANKRUPTCY COURT
 2              WESTERN DISTRICT OF TEXAS
 3                 SAN ANTONIO DIVISION
 4
 5   IN RE:                              *
                                         * NO. 19-50900-CAG-7
 6   LEGENDARY FIELD EXHIBITIONS,*
     LLC, ET AL,                         *
 7    DEBTORS.                           * CHAPTER 7
     _____
 8   RANDOLPH N. OSHEROW, CHAPTER*
     7 TRUSTEE OF THE BANKRUPTCY *
 9   ESTATES OF LEGENDARY FIELD  *
     EXHIBITIONS, LLC; AAF       *
10   PLAYERS, LLC; AAF           *
     PROPERTIES, LLC; EBERSOL    *
11   SPORTS MEDIA GROUP, INC.;   *
     LFE 2, LLC; AND WE ARE      *
12   REALTIME, LLC,              *
                                 *
13   VS.                         * NO. 22-05078-CAG
                                 *
14   DUNDON CAPITAL PARTNERS,    *
     LLC; THOMAS DUNDON; AND     *
15   JOHN ZUTTER                 *
16                REPORTER'S CERTIFICATION
        DEPOSITION OF JEFFREY JAMES VANDERBILT, JR.
17                    NOVEMBER 11, 2024
18              I, GAIL SPURGEON, Certified
     Shorthand Reporter in and for the State of
19   Texas, hereby certify to the following:
20              That the foregoing deposition of
     JEFFREY JAMES VANDERBILT, JR. Was reported by me
21   stenographically at the time and place
     indicated, said witness having been placed under
22   oath by me, and that the transcript is a true
     record of the testimony given by the witness;
23
                I further certify that the signature
24   of the deponent:
                X  was requested by the deponent or
25   a party before the completion of the deposition
     and is to be returned within 30 days from date
```

Page 381

```
 1    of receipt of the transcript.  If returned, the
      attached Changes and Signature Page contains any
 2    changes and the reasons therefor;
                  _____ was not requested by the
 3    deponent or a party before the completion of the
      deposition;
 4
              I further certify that the amount of time
 5    used on the record:
 6    BORIS TREYZON - 5:59
      MICHAEL J. SALTZ - 0:47
 7
                  I further certify that I am neither
 8    counsel for, related to, nor employed by any of
      the parties or attorneys in the action in which
 9    this proceeding was taken, and further that I am
      not financially or otherwise interested in the
10    outcome of the action.
11                Given under my hand this the
      15th day of NOVEMBER, 2024.
12
13
14
15
16
17            GAIL SPURGEON
              Texas CSR 1718
18            Expires: 11/30/24
19
20
21
22
23
24
25

                                              Page 382
```