| | |
|---|---|
| From: | Jordan Roberts |
| Sent: | Wednesday, February 27, 2019 8:04 PM CST |
| To: | Charlie Ebersol; James A. Skochdopole; Dawn Belt; John Zutter |
| CC: | Peter J. Kosydar III |
| Subject: | RE: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176] |
| Attachments: | ESMG - Omnibus Amendment and Waiver to Notes (Dundon).DOC |

Jim –

Attached is a draft of an amendment and waiver to the outstanding Promissory Notes issued by ESMG from December through February. The agreement extends the maturity date of the December Notes to May 1, 2019 (previously it was March 10, 2019) and waives all Events of Default under all Notes that have occurred to date or may occur in the future through May 1, 2019 in connection with our transaction (including any Change of Control or Qualified Additional Investment).

Please let us know if you have any questions or comments before we send to Dave for review.

**JORDAN ROBERTS**
Associate | Fenwick & West LLP |  jroberts@fenwick.com
Admitted to practice only in California.

**From:** Charlie Ebersol [mailto:ce@aaf.com]
**Sent:** Tuesday, February 26, 2019 3:25 PM
**To:** James A. Skochdopole <JSkochdopole@bellnunnally.com>; Dawn Belt <dbelt@fenwick.com>; 'John Zutter' <jz@dundon.co>
**Cc:** Peter J. Kosydar III <pkosydar@bellnunnally.com>; Jordan Roberts <jroberts@fenwick.com>
**Subject:** Re: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Jim,

Had a good call with Dawn on this. I am going to discuss options with Tom D tomorrow on how he wants to handle Pottruck and will circle back on that after..

Thanks
C


Charlie Ebersol
Founder & CEO

AAF.com


EXHIBIT 244

Confidential



DISCLAIMER:
This e-mail is only intended for the person(s) to whom it is addressed and may contain confidential information. Unless stated to the contrary, any opinions or comments are personal to the writer and do not represent the official view of the company. If you have received this e-mail in error, please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

---

**From:** "James A. Skochdopole" <JSkochdopole@bellnunnally.com>
**Date:** Tuesday, February 26, 2019 at 3:31 PM
**To:** Dawn Belt <dbelt@fenwick.com>, John Zutter <jz@dundon.co>
**Cc:** Charlie Ebersol <ce@aaf.com>, "Peter J. Kosydar III" <pkosydar@bellnunnally.com>, Jordan Roberts <jroberts@fenwick.com>
**Subject:** RE: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Thanks, Dawn. Please let us know as soon as you have talked to Charlie about Pottruck – that is our first priority and may affect funding going forward. – Jim.

**From:** Dawn Belt <dbelt@fenwick.com>
**Sent:** Tuesday, February 26, 2019 2:59 PM
**To:** James A. Skochdopole <JSkochdopole@bellnunnally.com>; 'John Zutter' <jz@dundon.co>
**Cc:** Charlie Ebersol <ce@aaf.com>; Peter J. Kosydar III <pkosydar@bellnunnally.com>; Jordan Roberts <jroberts@fenwick.com>
**Subject:** RE: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Jim and Peter –

Thanks for the call. Just a quick confirmation that all of the November 2018 noteholders did in fact sign the Series 1 Stock Purchase Agreement, and thereby converted all of their notes pursuant to Section 1.2.3 of the SPA. Not all of the April-September 2018 noteholders signed the SPA, but their notes automatically converted pursuant to their own terms.

I'll discuss the Pottruck questions with Charlie today.

Thanks,
Dawn

Dawn Belt
Direct: █████

**From:** James A. Skochdopole [mailto:JSkochdopole@bellnunnally.com]
**Sent:** Monday, February 25, 2019 5:08 PM
**To:** Dawn Belt <dbelt@fenwick.com>; 'John Zutter' <jz@dundon.co>
**Cc:** Charlie Ebersol <ce@aaf.com>; Peter J. Kosydar III <pkosydar@bellnunnally.com>; Jordan Roberts <jroberts@fenwick.com>
**Subject:** RE: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Thanks, Dawn. It will be good to at least start the conversation. – Jim.

**From:** Dawn Belt <dbelt@fenwick.com>
**Sent:** Monday, February 25, 2019 7:06 PM
**To:** James A. Skochdopole <JSkochdopole@bellnunnally.com>; 'John Zutter' <jz@dundon.co>
**Cc:** Charlie Ebersol <ce@aaf.com>; Peter J. Kosydar III <pkosydar@bellnunnally.com>; Jordan Roberts <jroberts@fenwick.com>
**Subject:** RE: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

I have to head out now for an event this evening, but I can call you from the road to just briefly connect. I will not have had a chance to review the document.

Thanks,
Dawn

Dawn Belt
Direct: ███████

**From:** James A. Skochdopole [mailto:JSkochdopole@bellnunnally.com]
**Sent:** Monday, February 25, 2019 5:05 PM
**To:** 'John Zutter' <jz@dundon.co>; Dawn Belt <dbelt@fenwick.com>
**Cc:** Charlie Ebersol <ce@aaf.com>; Peter J. Kosydar III <pkosydar@bellnunnally.com>; Jordan Roberts <jroberts@fenwick.com>
**Subject:** RE: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Dawn,

I'm available now if that works for you. My directly dial is 214-740-1434 and my cell is 214-991-1387.

-- Jim.

Confidential                                                                                                                                       Dundon000587



James A. Skochdopole | Managing Partner
jskochdopole@bellnunnally.com

2323 Ross Avenue, Suite 1900 | Dallas, Texas 75201*
www.bellnunnally.com
*Please note our new address

IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of Bell Nunnally & Martin LLP that may be subject to the attorney-client or work product doctrine, or may be otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. If you have received this communication in error, please notify us immediately at our telephone number: (214) 740-1400.

IRS Circular 230 Notice: Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

Thank you.

**From:** John Zutter <jz@dundon.co>
**Sent:** Monday, February 25, 2019 7:00 PM
**To:** Dawn Belt <dbelt@fenwick.com>
**Cc:** Charlie Ebersol <ce@aaf.com>; James A. Skochdopole <JSkochdopole@bellnunnally.com>; Peter J. Kosydar III <pkosydar@bellnunnally.com>; Jordan Roberts <jroberts@fenwick.com>
**Subject:** Re: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Can you connect tonight? This is mission critical. Thanks.

John Zutter
Dundon Capital Partners LLC
2100 Ross Avenue, Suite 550
Dallas, TX 75201
Phone:

On Feb 25, 2019, at 6:58 PM, Dawn Belt <dbelt@fenwick.com> wrote:

Thanks, John. We will take a look.

Jim – can we set a time to talk on Wednesday between 9 and 12 Pacific? I'm completely booked tomorrow. Also adding Jordan from my team, who has been working closely with me on all ESMG matters.

Thanks,
Dawn

Dawn Belt
Direct:

From: John Zutter [mailto:jz@dundon.co]
Sent: Monday, February 25, 2019 4:35 PM
To: Charlie Ebersol <ce@aaf.com>; Dawn Belt <dbelt@fenwick.com>; James Skochdopole <jims@bellnunnally.com>; pkosydar@bellnunnally.com
Subject: Fwd: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]

Dawn and Jim - please sync up.

**John Zutter**
Dundon Capital Partners LLC
2100 Ross Avenue, Suite 550
Dallas, TX 75201
Phone: ▮

Begin forwarded message:

> From: "James A. Skochdopole" <JSkochdopole@bellnunnally.com>
> Date: February 25, 2019 at 6:32:34 PM CST
> To: 'John Zutter' <jz@dundon.co>
> Cc: "Peter J. Kosydar III" <pkosydar@bellnunnally.com>
> Subject: FW: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]
>
> John,
>
> Please see Peter's email below and the attached "gap analysis" we discussed earlier this afternoon.
>
> -- Jim.
>
> From: Peter J. Kosydar III
> Sent: Monday, February 25, 2019 6:19 PM
> To: James A. Skochdopole <JSkochdopole@bellnunnally.com>
> Subject: Ebersol Sports Media Group, Inc. - Change of Control Analysis [IWOV-LAWDOCS.FID1708176]
>
> Jim,
>
> Please see the attached summary of the provisions that would be triggered in the various investment documents upon a Change of Control of Ebersol Sports Media Group, Inc. (the "Company"). This summary is based on the financing documents uploaded to folder 008 in the data room, and the NFL term sheet we received from Fenwick.
>
> Assuming that the Company obtains the written consent of: (1) the Ebersol-Saint James Family Trust Date November 14, 2017, (2) F02 LLC, and (3) Teddy Bright Pictures, Inc., it will have the necessary stockholder consent to authorize the sale of the Company's asset pursuant to Section

Confidential
Dundon000589

271 of the Delaware General Corporation Law (which requires a resolution adopted by the holders of a majority of the outstanding stock of the corporation entitled to vote thereon).

Thanks,

Peter

NOTICE:
This email and all attachments are confidential, may be legally privileged, and are intended solely for the individual or entity to whom the email is addressed. However, mistakes sometimes happen in addressing emails. If you believe that you are not an intended recipient, please stop reading immediately. Do not copy, forward, or rely on the contents in any way. Notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and then delete or destroy any copy of this email and its attachments. Sender reserves and asserts all rights to confidentiality, including all privileges that may apply.

# EBERSOL SPORTS MEDIA GROUP, INC.

## OMNIBUS AMENDMENT AND WAIVER

This Omnibus Amendment and Waiver (this "*Amendment and Waiver*") to the Unsecured Promissory Notes (as amended, the "*December 2018 Notes*") issued pursuant to the Note and Warrant Purchase Agreement dated December 10, 2018 by and among the Ebersol Sports Media Group, Inc. (the "*Company*") and the Requisite Signatories (as defined below) (the "*December 2018 Purchase Agreement*"), the Unsecured Promissory Notes (as amended, the "*January 2019 Notes*") issued pursuant to the Note and Warrant Purchase Agreement dated January 17, 2019 by and among the Company and the Requisite Signatories (as amended, the "*January 2019 Purchase Agreement*") and the Unsecured Promissory Note (the "*February 2019 Note*" and together with the December 2018 Notes and the January 2019 Notes, the "*Notes*") issued pursuant to the Note and Warrant Purchase Agreement dated February 11, 2019 by and among the Company and the Requisite Signatories (the "*February 2019 Purchase Agreement*" and together with the December 2018 Purchase Agreement and the January 2019 Purchase Agreement, the "*Purchase Agreements*") is made as of February [ ], 2019 (the "*Effective Date*") (except as otherwise provided herein) by and among the Company and the parties listed on the signature pages hereto (the "*Requisite Signatories*"). Capitalized terms not defined herein shall have the meanings given to such terms in the applicable Notes.

## RECITALS

WHERAS, the Requisite Signatories are each party to certain of the Notes issued and sold by the Company pursuant to the Purchase Agreements.

WHERAS, in connection with and pursuant to that certain Binding Term Sheet for Series 2 Preferred Stock Financing dated February 14, 2019 by and between Dundon Capital Partners LLC and the Company, Dundon Capital Partners LLC, or one or more of its affiliates (including affiliates of Thomas G. Dundon) (collectively, "*Dundon*") has committed to invest up to $70,000,000 in the Company, in exchange for Dundon receiving, among other things, 75% of the Company's fully-diluted capital stock, with the final structure of the investment to be determined by Dundon and the Company (which structure may include a contribution of assets, recapitalization, sale of equity, sale of assets, merger, or other transaction) (the "*Dundon Transaction*") and Dundon has already made certain payments to the Company in connection with the Dundon Transaction.

WHERAS, the December 2018 Notes may be amended, and the observance of any term of the December 2018 Notes may be waived (either generally or in a particular instance and either retroactively or prospectively), with the written consent of the Company and the holders of the December 2018 Notes representing at least a majority of the aggregate Principal Balances (as defined in the December 2018 Notes) of all December 2018 Notes currently outstanding (the "*December 2018 Majority Holders*"), and any amendment or waiver effected in accordance with the terms of the December 2018 Notes shall be binding upon each holder of the December 2018 Notes currently outstanding, each future holder of such securities and the Company.

WHERAS, the January 2019 Notes may be amended, and the observance of any term of the January 2019 Notes may be waived (either generally or in a particular instance and either retroactively or prospectively), with the written consent of the Company and the holders of the January 2019 Notes representing at least a majority of the aggregate Principal Balances (as defined in the January 2019 Notes) of all January 2019 Notes currently outstanding (the "*January 2019 Majority Holders*"), and any amendment or waiver effected in accordance with the terms of the January 2019 Notes shall be binding

upon each holder of the January 2019 Notes currently outstanding, each future holder of such securities, and the Company.

WHERAS, the February 2019 Notes may be amended, and the observance of any term of the February 2019 Notes may be waived (either generally or in a particular instance and either retroactively or prospectively), with the written consent of the Company and the holders of the February 2019 Notes representing at least a majority of the aggregate Principal Balances (as defined in the February 2019 Notes) of all February 2019 Notes currently outstanding (the "***February 2019 Majority Holders***" and together with the December 2018 Majority Holders and the January 2019 Majority Holders, the "***Majority Holders***"), and any amendment or waiver effected in accordance with the terms of the February 2019 Notes shall be binding upon each holder of the February 2019 Notes currently outstanding, each future holder of such securities, and the Company.

WHEREAS, the Company and the Requisite Signatories, which together represent the Majority Holders, desire to amend the December 2018 Notes and waive certain provisions under the Notes related to the Dundon Transaction as set forth herein.

AGREEMENT

NOW, THEREFORE, BE IT RESOLVED, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. **Amendment of the December 2018 Notes.** The definition of "Maturity Date" in Section 1 of the December 2018 Notes is hereby amended and restated in its entirety to read as follows:

"*"Maturity Date"* means the earlier of (a) May 1, 2019 and (b) the time at which the Balance of this Note is due and payable upon an Event of Default; provided, however that if the Event of Default is cured as permitted in this Note, then the Maturity Date shall not thereafter be deemed to have occurred with regard to such Event of Default under this clause (b)."

2. **Waiver of Events of Default.** Each Requisite Signatory, for itself and on behalf of its heirs, successors, beneficiaries, affiliates, agents, and assigns, hereby fully waives any existing Event of Default that has arisen as of the Effective Date, or that may arise on or prior to May 1, 2019, due to payments made to the Company in connection with the Dundon Transaction, including any failure by the Company to pay any accrued but unpaid expenses, accrued but unpaid interest, all principal and any other amounts outstanding under this Note in connection with a Change of Control or a Qualified Additional Investment. The waivers granted by the Requisite Signatories hereby shall be effective on the Effective Date.

3. **Miscellaneous.**

    3.1. **Governing Law.** This Amendment and Waiver shall be governed by and construed under the internal laws of the State of California as applied to agreements to be performed entirely within California, without reference to principles of conflict of laws or choice of laws.

    3.2. **Entire Agreement; Amendment; Other Agreements.**

    (i) Except as expressly set forth herein, this Amendment and Waiver sets forth the entire agreement and understanding of the parties relating to the subject matter herein and merges all prior discussions between them.

34405/00600/FW/10609203.3

Confidential                                                                                                                                                                   Dundon000592

    (ii) No modification of or amendment to this Amendment and Waiver, nor any waiver of any rights under this Amendment and Waiver, shall be effective unless in writing signed by the Company and the Requisite Signatories.

    (iii) Except as expressly amended by this Amendment and Waiver, all of the terms of the Notes shall remain in full force and effect, as amended to date.

    (iv) The parties hereto hereby covenant and agree to execute and deliver any additional documents reasonably necessary, at the reasonable request of any of the parties hereto, to carry out the intent of this Amendment and Waiver.

  3.3. **Counterparts.** This Amendment and Waiver may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

[Signature Pages Follow]

Confidential    Dundon000593

IN WITNESS WHEREOF, the parties have executed this Amendment and Waiver as of the Effective Date.

**EBERSOL SPORTS MEDIA GROUP, INC.**

By: _____

Name: Charlie Ebersol

Its: Chief Executive Officer

SIGNATURE PAGE TO OMNIBUS AMENDMENT AND WAIVER
34405/00600/FW/10609203.3

Confidential

Dundon000594

IN WITNESS WHEREOF, the parties have executed this Amendment and Waiver as of the Effective Date.

**REQUISITE SIGNATORY:**

**DAVID S. POTTRUCK REVOCABLE TRUST**

By: _____

Name: Dave Pottruck

Its: Trustee

Confidential

Dundon000595

IN WITNESS WHEREOF, the parties have executed this Amendment and Waiver as of the Effective Date.

**REQUISITE SIGNATORY:**

**EBERSOL-SAINT JAMES FAMILY TRUST DATED NOVEMBER 14, 2007**

By: _____

Name: Dick Ebersol

Its: Trustee

Confidential

Dundon000596