IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 19-50900-cag |
| | § | |
| LEGENDARY FIELD | § | |
| EXHIBITIONS, LLC, et al., | § | |
| | § | Chapter 7 |
| Debtors. | § | |
| _____ | § | |
| | § | |
| RANDOLPH N. OSHEROW, | § | |
| Chapter 7 Trustee, and the Bankruptcy | § | |
| Estates of Legendary Field Exhibitions, LLC; | § | |
| AAF Players, LLC; AAF Properties, LLC; | § | |
| Ebersol Sports Media Group, Inc.; | § | |
| LFE 2, LLC; and We Are Realtime, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Adversary No. 22-05078-cag |
| | § | |
| THOMAS DUNDON; JOHN ZUTTER; | § | |
| and DUNDON CAPITAL PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

**CHAPTER 7 TRUSTEE'S MOTION TO ALTER, AMEND, OR CORRECT
JUDGMENT TO ADJUGE AND AWARD COSTS**

TO THE HONORABLE CRAIG A. GARGOTTA, CHIEF U.S. BANKRUPTCY JUDGE:

Plaintiff Randolph N. Osherow ("Trustee"), as the Chapter 7 Trustee of the Bankruptcy Estates of Legendary Field Exhibits, LLC, AAF Players, LLC; AAF Properties, LLC, Ebersol Sports Media Group, Inc. ("ESMG"), LFE 2, LLC and We are Realtime, LLC (collectively, "Debtors" and "Plaintiffs"), acting by and through counsel, respectfully moves under Federal Rules of Bankruptcy Procedure 7052 and 9023 (incorporating Federal Rules of Civil Procedure 52(b) and 59(e)) to Alter, Amend, or Correct Judgment Adjudge and Award Costs.

## I.    INTRODUCTION

Guided by business judgment, Chapter 7 trustees have statutory and fiduciary duties to convert estate property to cash to maximize the estate's value, including the duty to pursue causes of action that could reasonably add to that value.[1] Chapter 7 trustees must also examine proofs of claim and litigate objections to disallow improper claims.[2] The Trustee in this case did both. And though the Trustee did not obtain all the relief he sought, the Trustee prevailed on claims for fiduciary duty and in obtaining disallowance of Dundon's and DCP's improper claims exceeding $70 million,[3] among other relief. The Trustee is a prevailing party entitled to recover costs for the estate under prevailing law and in fairness.

## II.    RELIEF SOUGHT

Through this motion, the Trustee seeks to alter the judgment entered to adjudge and tax the Trustee's costs against the Defendants or alternatively to adjudge costs and tax each parties' costs to that party. The Trustee prevailed in obtaining important relief that modified the legal relationship of the parties, including a judgment disallowing more than $70 million in recovery that Dundon and DCP sought through proofs of claim and adjudging that Dundon violated fiduciary duties. The Trustee also prevailed defeating the defendants' fraud defenses, although the court determined that for the same "justifiable reliance" reasons, Ebersol, and therefore ESMG could not maintain affirmative fraud claims. The Court vindicated the Trustee's

---

[1] *E.g. In re Arnold*, 176 B.R. 13, 15 (Bankr. E.D. Tex. 1995); *see Freeman v. Seligson*, 405 F.2d 1326, 1333 (D.C. Cir. 1968) (observing that trustee is obliged to pursue all necessary litigation to liquidate and maximize the estate); 1 U.S.C. 704(a)(1) (requiring a chapter 7 trustee to collect and reduce to money the estate property).
[2] *In re Curry*, 409 B.R. 831, 837 (Bankr. N.D. Tex. 2009); 11 U.S.C § 704(a)(5).
[3] Dundon and DCP actually filed claims totaling more than $400 million in each of the six bankruptcies, including against at least one entity that never conducted any business.

contention that an oral contract formed, although not in the amount the Trustee contended.[4]

### III. RELEVANT BACKGROUND

After trial, the court entered its 199-page ruling and a subsequent judgment. In its ruling, the Court directed Mr. Dundon's counsel to prepare a form of judgment. Counsel complied but Trustee did not receive and had no opportunity to review the form before submission. The judgment the Court signed orders that "Defendants shall recover costs from the Trustee." Docket No. 439.

### IV. ARGUMENT AND AUTHORITIES

The Court awarded costs to the defendants despite granting judgment to the Trustee on his fiduciary duty claim and disallowing the defendants' proofs of claim totaling more than $70 million. The Trustee was the prevailing party and should have received an award of costs. Alternatively, if the Court determined that Dundon was also the prevailing party, the Trustee respectfully urges that the Court should have declined to award costs to any party.

A.  **The Trustee is the Prevailing Party for Purposes of Awarding Costs**

As the Court's ruling recognizes, Federal Rule of Bankruptcy Procedure 7054 applies in adversary proceedings. Bankruptcy Rule 7054(b) governs costs and prescribes in relevant part:

> The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.

Rule 7054 permits the Court to award costs to the "prevailing party." Determining who is a prevailing party is a question of law. *Merritt Hawkins & Associates, LLC v. Gresham*, No. 3:13-CV-00312-P, 2016 WL 1714911, at *3 (N.D. Tex. Feb. 25, 2016), *aff'd sub nom. Merritt Hawkins*

---

[4] The Trustee respectfully believes there is substantial error in the Court's analysis, findings and conclusions. The Trustee has filed a separate motion to reconsider and correct some such findings and conclusions and reserves the right to appeal following the Court's opportunity to correct those errors.

*& Associates, L.L.C. v. Gresham*, 861 F.3d 143 (5th Cir. 2017) "A party in whose favor a judgment is rendered" is a prevailing party, regardless of the amount of damages awarded. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *Tempest Publ'g, Inc. v. Hacienda Records & Recording Studio, Inc.*, 141 F. Supp. 3d 712, 718 (S.D. Tex. 2015). State another way, a plaintiff is a prevailing party who succeeds "on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A plaintiff who obtains some relief that materially alters the legal relationship of the parties is a prevailing party for purposes of awarding costs. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). The Fifth Circuit held that a plaintiff that "obtains judgment on even a fraction of the claims advanced" qualifies as a prevailing party. *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir.1978) (holding the government plaintiff was the prevailing party although it only prevailed on one of its claims and won no damages); *Lytle v. Comm'rs of Election of Union Cty.*, 541 F.2d 421, 425 n. 6 (4th Cir.1976) ( stating that a defendant's contention "that to be the 'prevailing party' [the plaintiff] must win on all issues is clearly without merit"); *Tempest Publ'g Inc.*, 141 F.Supp.3d at 718 (holding that a plaintiff who prevailed on only one of several copyright claims is a prevailing party because "enforceable judgments on the merits confer prevailing party status").

Like in Tempest Publishing and other cases determining plaintiff's to be prevailing parties even though not all claims were established, the Trustee here obtained an enforceable judgment against both defendants that materially altered their legal relationship to the estate's benefit. The Trustee obtained a judgment that Dundon breached fiduciary duties to ESMG. And although the court awarded nominal damages, recovering nominal damages on a cause of action "marks the plaintiff as the 'prevailing party." *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993,

998 (5th Cir. 1976) (holding that plaintiff awarded nominal damages in a contract case established prevailing party status);

More significant, the Trustee sued to disallow Dundon's and DCP's proofs of claim totaling not less than $70 million. The final judgment disallows the claims in total. These claims in total exceeded all other "non-player" claims combined. And if the estate collects any additional monies (for example as restitution from Reggie Fowler), then the disallowed claims will not diminish pro rata distribution to legitimate creditors. The Trustee thus obtained relief for the estate avoiding more than $70 million in otherwise prima facie valid liabilities.

Moreover, the Court determined that the Trustee established an oral contract was formed for $70 million and held that the Defendants performed to that extent. In other words, the Trustee proved at least that ESMG was entitled to and did receive $70 million.[5] At the same time, the Trustee succeeded in establishing that ESMG committed no disqualifying fraud. The confluence of these finding is also that Defendants could show no right to recover any sums from the estate.

**B.　　If the Trustee is not the prevailing party, neither are the defendants.**

That a plaintiff need not prevail on all his claims implicitly recognizes that cases will, and often do, arise in which neither side is completely victorious. Courts in these mixed result situations generally look practically at the whole to try to discern what party, if any, is the prevailing party. Courts under Rule 7054(b) have discretion to conclude that no party should be deemed the prevailing party and leave each to bear their respective costs without taxation. *Kiewit Power Constructors Co. v. City of Los Angeles by & through Dep't of Water & Power*, 813 F. App'x 261, 266 (9th Cir. 2020); *Interthal v. State Farm Fire & Cas. Co.*, 52 F. App'x 582, 583-

---

[5] The Trustee believes that the uncontroverted evidence admitted shows that ESMG did not receive even $70 million and reserves the right to appeal on that, and any other, issues.

84 (3d Cir. 2002). Rule 7054(b) makes this discretion explicit. Fed. R. Bankr. P. 7054 (b) (stating that a court "may" award costs to a prevailing party).

If the Trustee is not deemed the prevailing party, this may be such a case. All the claims and defenses in this case implicate a single set of operative facts and a single promise and transaction, although expressed in several legal theories. Trustee conclusively defeated Defendants' proofs of claims exceeding $70 million and defeated defendants' fraud claims, raised as a defense, and other defenses. The Defendants, on the other hand, succeeded in defeating the Trustee's fraud and misrepresentation and contract claim, although the Court found a $70 million contract that it concluded the Defendants performed. In the end, the estate did not recover more money from Defendants, and Defendants will not recover against the estate, after a long trial of close and difficult issue.

C. **Even if the Court determines defendants are the prevailing party, the Court should not award costs.**

The Court's memorandum opinion and judgment do not contain any discussion of costs or whether or how the Court considered its discretion in awarding or apportioning costs. But the Trustee states that the Court should do so now because the question is an important one where both plaintiffs and defendants obtained important relief and the judgment's effect is to deny costs to the estate. This motion to alter and correct the judgment is intended respectfully to obtain that consideration. Even if the Court after careful analysis determines that Defendants are the prevailing party for Rule 7054 purposes, there is ample reason and discretion for the Court to decline or reduce any cost award.

Rule 7054(a)'s incorporation by reference does not incorporate FRCP 54(d). Instead, Rule of Bankruptcy Procedure 7054(b) governs in adversary proceedings. Courts in the Fifth Circuit and elsewhere consistently hold that, unlike FRCP 54(d), Rule 7054(b) creates no presumption

that costs should be awarded against an unsuccessful litigant. *E.g.*, *In re Clansy*, No. 04-40504, 2008 WL 177779, at *3 (Bankr. S.D. Tex. Jan. 18, 2008); *In re Borges*, No. ADV 10-01170, 2014 WL 1364956, at *1 , 5 (B.A.P. 10th Cir. Apr. 8, 2014) (holding that Rule 7054 creates no presumption and that bankruptcy court acted within its discretion in refusing to award costs except upon demonstrating a prevailing parties' bad acts); In re Gorelik, No. 06 CIV. 08162 (SCR), 2010 WL 11530553, at *8 (S.D.N.Y. Mar. 30, 2010), *aff'd sub nom. Gorelik v. Gorelik*, 443 Fed. Appx. 586 (2nd Cir. 2011); *In re Northlake Dev., LLC*, No. 06-01934-NPO, 2008 WL 782495, at *5 (Bankr. S.D. Miss. Mar. 20, 2008) *Turner v. Davis, Gillenwalter & Lynch (In re Investment Bankers, Inc.)*, 135 B.R. 659, 670 (Bankr. D. Colo. 1991); *In re D & B Countryside, L.L.C.*, 217 B.R. 72, 75 (Bankr. E.D. Va. 1998).

Rule 7054's "may allow" language instead leaves whether to award costs and to what extent wholly to the bankruptcy courts sound discretion. *In re Clansy*, No. 04-40504, 2008 WL 177779, at *3 (Bankr. S.D. Tex. Jan. 18, 2008). That discretion permits bankruptcy courts to decline to award costs, apportion or reduce them. *In re McDonald*, No. 20-10755-J7, 2020 WL 5506400, at *4 (Bankr. D.N.M. Sept. 11, 2020).

That discretion is guided by a range of judicially recognized prudential and equitable factors,[6] including (1) the opposing party's limited financial resources; (2) a prevailing party's misconduct in litigation the prevailing party; (3) close and difficult legal and factual issues (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial

---

[6] The Fifth Circuit and subsidiary courts have infrequently considered the enumeration of factors that courts may consider in declining to award costs; and often regarding cost awards under Federal Rule of Civil Procedure 54(d). *E.g., Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). Although FRCP 54(d) and its presumption favoring costs does not apply in adversary proceedings, the broader discretion Bankruptcy Rule 7054 affords bankruptcy courts should make these equitable factors more strongly applicable.

resources.. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006); *see Turner v. Davis, Gillenwalter & Lynch (In re Investment Bankers, Inc.)*, 135 B.R. 659, 671 (Bankr. D. Colo. 1991) (concluding that where the issues are significant, close and hotly contested, clearly subject to differing opinions, an award of costs is not warranted).

Except for factor (2), which does not apply[7], these factors cut in favor of declining to award costs in this case. This case clearly involved close and difficult factual and legal questions. The Court's nearly 200-page opinion and analysis bespeaks that complexity (factor 3). The evidence fairly considered reveals that the issues were important, important to the parties and hotly contested on every score. The evidence established the Defendants' enormous resources.

Factor 1 also cuts in favor of awarding no costs to the Defendants. The debtors entered bankruptcy with little cash compared to the enormity of the tasks the estate faced. The estate had to defend the class action case and then litigate and participate in administering a settlement. By any measure, the class action was a substantial piece of litigation with the potential to render the estate destitute.

During the class action, the Trustee and counsel also had to do the usual work that attends a Chapter 7 business bankruptcy. For example, the Trustee marshaled and sold physical property for cash, and resolved many creditor issues, examined and objected to claims, litigated claims over the AAF's technology IP, and handled more unique matters like working to ensure that the debtors provided tax information to players. The Trustee was able to engage contingent fee preference counsel who made worthwhile recoveries. All those necessary activities were conducted by the

---

[7] The Trustee does not contend any misconduct by the defendants and their excellent attorneys, and certainly the Trustee and his counsel committed any wrongs. Litigation involves its share of disputes and perceived injustices, but the parties and their counsel pursued this litigation honorably and cooperatively in all things.

Trustee and, where appropriate, the Trustee's professionals, who received reasonable commissions and hourly fees.

The Trustee's declaration attached as Exhibit A details these commissions and fees. All were for work performed. All were approved by the Court in orders without any objection and paid periodically over the long term of the bankruptcy case. To preserve the estate, the Trustee settled the class action case. Over objection, the Court approved that settlement and authorized and ordered partial distributions of priority wage claims to more than 400 players.

All these activities, all paid on the Court's approval orders, were necessary and reduced the estate. Because the Trustee judiciously reserved some funds for final administration and case closing costs, the estate currently contains approximately $163,000. By any measure, the estate although carefully managed, is currently impoverished.[8]

Finally, Factor 4 favors no award of costs because the Trustee's work here conferred a substantial public benefit. The Court understands Chapter 7 bankruptcy trustees play a unique and critical role in the Bankruptcy Code's insolvency framework. Different from ordinary individuals, Trustees have statutory and fiduciary duties to large numbers of creditors they do not know and will never meet. They are duty-bound to collect and convert property to cash to benefit creditors. Those include the duty to pursue causes of action that under his business judgment appear may have value and the concomitant duty to examine and pursue litigation to avoid improper claims. The Trustee does not have the luxury of simply foregoing efforts to convert even intangible causes of action if he reasonably considers them to have merit and a chance to result in an augmented estate. Pursuing them is at the core of his duties.

---

[8] The estate is dependent on the government to seek and forfeit property that may be paid to toward restitution. Although the Trustee hopes, and believes, that some funds may eventually be paid to the estate, when and to what extent that may occur not certain.

The facts stated in the Trustee's complaint summarize exemplify the facts that the Trustee's and Trustee's counsel learned that prompted the Trustee to conclude he had a duty to bring this adversary. Whether or not the Court ultimately concluded the Trustee's trial evidence was sufficient to warrant recovery, there is no possible sense in which the Trustee was not impelled to moved forward by these facts. To the contrary, the Trustee was duty bound to sue out the claim objections and causes of action on which he prevailed-and the causes of action on which he did not.

## V. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, the Trustee respectfully requests the Court to alter or amend the judgment to award the Trustee costs as the prevailing party or, alternatively, to alter the judgment so that no party is awarded costs, or to reduce the costs to an amount that will allow the Trustee sufficient funds to do the important work of completing the bankruptcy and closing the case.

## VI. HEARING REQUEST

The Trustee requests that the Court set this matter for hearing.

Dated: December 19, 2025                    Respectfully submitted,

*/s/ Katharine Battaia Clark*
**Nicole L. Williams** (SBN 24041784)
**Katharine Battaia Clark** (SBN 24046712)
**Thompson Coburn LLP**
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Phone: (972) 629-7100
Fax: (972) 629-7171
nwilliams@thompsoncoburn.com
kclark@thompsoncoburn.com

**and**

**Boris Treyzon** (CA SBN 18893)
Admitted *Pro Hac Vice*
**Jonathon Farahi** (CA SBN 324316)

-10-

Admitted *Pro Hac Vice*
**Abir Cohen Treyzon Salo, LLP**
16001 Ventura Boulevard, Suite 200
Encino, California 91436
Phone: (424) 288-4367
Fax: (424-288-4368
btreyzon@actslaw.com
jfarahi@actslaw.com

**and**

**Brian S. Engel** (SBN 00789279)
**Steve P. Turner** (SBN: (20314700)
**Barrett Daffin Frappier Turner & Engel, LLP**
580 La Ventana Blvd.
Driftwood, Texas 78619
Phone: (512) 687-2503
Fax: (512) 477-0008
brianen@bdfgroup.com
stevet@bdfgroup.com

**ATTORNEYS FOR PLAINTIFF
RANDOLPH N. OSHEROW,
CHAPTER 7 TRUSTEE, DEBTORS' ESTATE**

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2025, a true and correct copy of the foregoing document was served to the below listed parties via electronic means as listed on the Court's ECF noticing system or by electronic mail.

*VIA EMAIL*
K&L Gates, LLP
Brent D. Hockaday
1717 Main Street, Ste. 2800
Dallas, TX 75201
brent.hockaday@klgates.com

*VIA EMAIL*
Bell Nunnally & Martin LLP
Jeffrey S. Lowenstein
Beverly A. Whitley
Brent A. Turman
Sydnie A Shimkus
2323 Ross Ave., Ste 1900
Dallas, TX 75201
jlowenstein@bellnunally.com
bwhitley@bellnunnally.com
bturman@bellnunnaly.com
sshimkus@bellnunnally.com

*/s/ Katharine Battaia Clark*
Katharine Battaia Clark

-11-