

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 02, 2026.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 19-50900-CAG |
| | § | |
| LEGENDARY FIELD EXHIBITIONS, | § | |
| LLC, et al., | § | |
| | § | |
| Debtors. | § | CHAPTER 7 |

| | | |
|---|---|---|
| RANDOLPH N. OSHEROW, | § | |
| Chapter 7 Trustee for the Bankruptcy Estates | § | |
| Of Legendary Field Exhibits, LLC, et al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | ADV. NO. 22-05078-CAG |
| v. | § | |
| | § | |
| THOMAS DUNDON, JOHN ZUTTER, | § | |
| and DUNDON CAPITAL PARTNERS, LLC, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING CHAPTER 7 TRUSTEE'S MOTION TO ALTER, AMEND, OR CORRECT JUDGMENT TO ADJUDGE AND AWARD COSTS (ECF NO. 443)

Came on to be considered Chapter 7 Trustee's Motion to Alter, Amend, or Correct

Judgment to Adjudge and Award Costs (the "Motion"), Defendant's Opposition to Trustee's

1

Motion (the "Response"), and Trustee's Reply. (ECF Nos. 443, 454, 461). The Court denies the Motion.

BACKGROUND

After roughly two and a half years from the filing of the original complaint and following dozens of pretrial motions and several summary judgment motions considered and denied, this Adversary Proceeding advanced to trial on April 14, 2025. This Court conducted a twenty-one-day trial before taking matters under advisement.

On November 25, 2025, the Court entered its Memorandum Opinion and Order Regarding Plaintiff's First Amended Complaint. (ECF No. 437).[1] At the end of its 199-page Memorandum Opinion, after a thorough analysis of Trustee's multiple claims, and after the Court's application of Delaware, Texas, and federal law, the Court ordered that "Defendants may request their attorney's fees and costs as permitted under Fed. R. Bankr. P. 7054 and Local Rule 7054-1." (ECF No. 437 at 198). Additionally, the Court ordered that Defendants prepare a form of judgment, and the Judgment was entered on December 4, 2025. (ECF No. 439). In the Judgment, signed by the Court, Defendants included, "Defendants shall recover costs from the Trustee." (ECF No. 439 at 2).

Trustee now moves the Court to reconsider its decision awarding Defendants costs, as the prevailing party under Fed. R. Bankr. P. 7054(b)(1). (ECF No. 443 at 1, 10; ECF No. 437 at 198); *see also* ***Browder v. Dir., Dept. of Corr. of Ill.***, 434 U.S. 257, 262 n.5 (1978) (referring to motions filed under Rules 52(b) and 59 as motions for reconsideration because that is the "essence of the relief requested").

---

[1] "ECF" denotes electronic filing docket number in Adversary No. 22-05078-cag unless otherwise indicated.

LEGAL STANDARD

## I.     Motion to Alter, Amend, or Correct Judgment

As a preliminary issue, Trustee brings his Motion pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9023, which incorporate Federal Rules of Civil Procedure 52 and 59 into bankruptcy cases. (*Id.* at 1); Fed. R. Bankr. P. 7052, 9023. Such motions "must be filed within 14 days after the judgment is entered." Fed. R. Civ. P. 59(e). The Court entered its judgment on December 5, 2025. (ECF No. 439). Trustee filed his Motion on December 19, 2025, exactly 14 days after the judgment was entered. Thus, the Court finds that the Motion is timely.

"Any motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e)." ***Harcon Barge Co. v. D & G Boat Rentals, Inc.***, 784 F.2d 665, 669–70 (5th Cir. 1986) (en banc). A Rule 59(e) motion "calls into question the correctness of a judgment and serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." ***Willbern v. Bayview Loan Servs., L.L.C.***, 842 F. App'x 865, 869 (5th Cir. 2021) (per curiam) (citing ***Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)***, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." ***Templet v. HydroChem Inc.***, 367 F.3d 473, 479 (5th Cir. 2004). A motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." ***McCullough v. Herron***, 838 F. App'x 837, 846 (5th Cir. 2020) (per curiam). In other words, Trustee's Motion "cannot be used to raise arguments that could, and should, have been made before the judgment issued." ***Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.***, 542 F.3d 1053, 1058 (5th Cir. 2008) (per curiam) (quoting ***Simon v. United States***, 891 F.2d 1154, 1159 (5th Cir. 1990)).

3

Trustee does not assert an intervening change in controlling law or the availability of new evidence not previously available. Thus, the Court will determine whether Trustee has shown that the Court should alter or amend its judgment awarding costs to Defendant "based on a manifest error of law or fact." *Willbern*, 842 F. App'x at 869; *see also* ***Hathaway Inc. v. Borden (In re Benjamin Moore & Co.)***, 318 F.3d 626, 629 (5th Cir. 2002) (enumerating the three grounds for granting a motion for reconsideration under FRCP 59(e)). In reviewing Trustee's Motion, the Court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." ***Edward H. Bohlin Co. v. Banning Co.***, 6 F.3d 350, 355 (5th Cir. 1993). The standard favors denying motions to alter or amend judgments. *Willbern*, 842 F. App'x at 869.

## II.      Costs Other Than Attorneys' Fees

Federal Rule of Bankruptcy Procedure 7054 applies in adversary proceedings. Fed. R. Bankr. P. 7054(a).[2] Bankruptcy Rule 7054(b), subtitled "Costs Other Than Attorney's Fees," provides, "The court may allow costs to the prevailing party, unless a federal statute or these rules provide otherwise." Fed. R. Bankr. P. 7054(b).

Neither the Supreme Court nor the Fifth Circuit has directly addressed the meaning of "prevailing party" under Bankruptcy Rule 7054(b)(1).[3] But Congress has included the "legal term of art" in "numerous federal statutes." ***Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of***

---

[2] "Although the Federal Rules of Bankruptcy Procedure incorporate many of the Federal Rules of Civil Procedure, they do not incorporate Civil Rule 54(d), which presumes that the Court will award costs to the prevailing party." *In re Clansy*, No. 04-40504, 2008 WL 177779, at *3 (Bankr. S.D. Tex. Jan. 18, 2008). "Although the rules are quite similar, the Bankruptcy Rule utilizes permissive language (i.e., "may"), whereas the Civil Rule utilizes presumptive language (i.e., "should"). *Id.* at *1 (collecting cases).
10A Collier on Bankruptcy ¶ 7054.05 (Richard Levin & Henry J. Sommer eds., 16th ed.).
[3] *See Id.* at *3 n.2 (citing ***Hurt v. Fed. Nat'l Mortg. Ass'n & Home Sec. Trust 1 (In re Homeowners Mortg. & Equity, Inc.)***, 354 F.3d 372, 377 (5th Cir. 2003)) ("In 2003, the Fifth Circuit reviewed a case involving Bankruptcy Rule 7054(b); however, the opinion considered an award of attorney's fees, rather than costs."). While the bankruptcy court in *Clansy* determined the appropriate standard of awarding costs under Rule 7054, the court did not conduct a "prevailing party analysis." *Id.* at *4.

*Health & Human Res.*, 532 U.S. 598, 600 (2001) (5-4 decision); *see also **CRST Van Expedited, Inc. v. E.E.O.C.***, 578 U.S. 419, 422 (2016) ("[I]t has been the Court's approach to interpret the term in a consistent manner."). Outside of the civil rights context, the bulk of authority addressing prevailing-party status arises under Federal Rule of Civil Procedure 54(d). Rule 54(d) uses the same "prevailing party" language in the cost-shifting framework. *Compare* Fed. R. Civ. P. 54(d) ("Costs—other than attorney's fees—should be allowed to the prevailing party."), *with* Fed. R. Bankr. P. 7054(b)(1) ("The court may allow costs to the prevailing party, unless a federal statute or these rules provide otherwise.").

The key distinction is that Rule 54(d) creates a presumption in favor of an award of costs, whereas Bankruptcy Rule 7054(b)(1) is more permissive, leaving the decision to award costs to the bankruptcy court's discretion. *See* 10A Collier on Bankruptcy ¶ 7054.05 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("Bankruptcy Rule 7054(b) makes the award of costs discretionary and provides that the court 'may' allow costs except when a statute or Bankruptcy Rule otherwise provides."). Accordingly, the Court applies the Fifth Circuit's interpretation of "prevailing party" in the Rule 54(d) context when construing the same phrase in Bankruptcy Rule 7054.

### ANALYSIS

Trustee argues that the Court incorrectly awarded costs to Defendants, despite prevailing on his fiduciary duty claim and objection to Dundon and DCP's proofs of claims totaling more than $70 million. (ECF No. 443 at 3; ECF No. 461 at 3). Defendants contend that they are the prevailing party because they achieved overwhelming success, and Trustee's "technical or nominal result" does not confer prevailing party status. (ECF No. 454 at 5).

5

I. **Viewing the case as a whole, Defendants are the prevailing party for purposes of awarding costs pursuant to Bankruptcy Rule 7054.**

This is a "mixed-result situation." *Jordan Kahn Music Co. v. Taglioli*, No. 21-cv-00045, 2023 WL 2266123, at *9 (E.D. Tex. Feb. 28, 2023) (citing *Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 395 F. Supp. 3d 168, 172 (D. Mass. 2019)). Zutter successfully defeated all of Trustee's claims asserted against him. DCP successfully defeated all of Trustee's substantive claims against it, particularly the breach of contract claim, which was a significant victory in this case. Dundon received a favorable ruling against all of Trustee's substantive claims against him, other than one breach of fiduciary duty claim. Defendants successfully refuted the Trustee's claims at trial, which resulted in no liability for compensatory damages. Both parties "overlook this wrinkle—never discussing how the Court should account" for the nuance regarding Zutter and DCP's overarching success in this case. *Id.* Though Trustee and Defendants argue that each respective side is the prevailing party, this does not consider Zutter and DCP's complete victory. Viewing the case as a whole, Defendants are the prevailing party for purposes of awarding costs pursuant to Bankruptcy Rule 7054.

   a. *Trustee is not the prevailing party.*

The Court did not confer prevailing party status to Trustee based on the outcome of the case as a whole. The Fifth Circuit has explained that a party "need not prevail over every issue to be entitled to costs," but courts must view the case "as a whole" when deciding whether a party prevailed. *DHI Grp., Inc. v. Kent*, No. 21-20274, 2022 WL 3755782, at *6 (5th Cir. Aug. 30, 2022) (per curiam) (first quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); and then quoting *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir.

2022)).[4] The Fifth Circuit has also stated that the prevailing party determination for Rule 54(d) is "a practical matter." *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985).

The Court applied a holistic determination in declining to treat Trustee as the prevailing party, notwithstanding his recovery of nominal damages on a single claim against a single defendant. *Cf. Perkins v. Hart*, No. 21-879, 2024 WL 3755238, at *7–8 (E.D. La. June 28, 2024) (analyzing the case as a whole to determine that the plaintiff was the prevailing party in a "mixed case" because he obtained a substantial $185,000 jury verdict), *adopted*, 2024 WL 3742743 (E.D. La. Aug. 7, 2024).

Trustee relies on *Tempest Publishing*, a case in which the plaintiff prevailed on one of its four copyright infringement claims. (ECF No. 443 at 4); *Tempest Publ'g, Inc. v. Hacienda Recs. & Rec'g Studio, Inc.*, 141 F. Supp. 3d 712, 717 (S.D. Tex. 2015). The court held that the plaintiff was the prevailing party. *Id.* at 719. The main question the court in *Tempest Publishing* addressed, however, was whether more than one party could prevail in a case in which the plaintiff succeeded on only one of its claims against the defendant. *Id.* at 718–19. The plaintiff in that case obtained a judgment for $5,000 in damages. *Id.* at 716. Additionally, *Tempest Publishing* noted that the case should be distinguished from mixed-result cases, which should be viewed as a whole. *Id.* at 718 n.2. The Court finds *Tempest Publishing* unpersuasive.

Trustee also relies on the Fifth Circuit's holding in *Three-Seventy Leasing*, which found the award of nominal damages in a breach of contract case sufficient to mark the plaintiff the prevailing party within the meaning of Rule 54(d). (ECF No. 443 at 4–5); *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 998 (5th Cir. 1976). In that case, the plaintiff sued the

---

[4] The defendant in *Kent* moved for costs under Federal Rule of Civil Procedure 54(d) as the "prevailing party." *Kent*, 2022 WL 3755782, at *6. The district court denied the motion, finding that the plaintiff "was the only party in whose favor a judgment was entered." *Id.* The Fifth Circuit affirmed the district court's determination because it viewed the case as a whole and "could have reasonably found" that the defendants did not prevail on their case. *Id.*

defendant for breach of contract, seeking a declaration by the district court that an enforceable contract existed between the parties. *Id.* at 995. The district court found an enforceable contract but determined that the plaintiff failed to prove any damages and entered judgment in favor of the defendant. *Id.* The Court of Appeals affirmed the district court's finding of an enforceable contract and agreed that compensatory damages were not available to the plaintiff. *Id.* The Court of Appeals disagreed, however, with the district court's award of costs to the defendant as the prevailing party under Rule 54(d). *Id.* The district court correctly determined that the plaintiff failed to prove recoverable damages under the contract but erred in failing to award nominal damages under the relevant state law. *Id.* at 998. The case was remanded to the district court to reconsider its award of costs to the defendant because the plaintiff qualified as the prevailing party by virtue of the award of nominal damages. *Id.*

The Court declines to read ***Three-Seventy Leasing*** in isolation. ***Three-Seventy Leasing*** was a single-issue, breach-of-contract case that predates the Fifth Circuit's subsequent line of cases holding that courts must view mixed cases "as a whole to determine who was the prevailing party," and that "it is unnecessary for a party to prevail on every issue in order to be entitled to costs." ***Kent***, 2022 WL 3755782, at *6 (first quoting ***Studiengesellschaft Kohle mbH v. Eastman Kodak Co.***, 713 F.2d 128, 131 (5th Cir. 1983); and then quoting ***Fogleman v. ARAMCO (Arabian Am. Oil Co.)***, 920 F.2d 278, 286 (5th Cir. 1991)).[5] The Judgment in this case was entered against only one of the three defendants, underscoring the limited nature of the relief.

---

[5] Trustee also relies on ***Mitchell***, where the Fifth Circuit held that "a party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." ***United States v. Mitchell***, 580 F.2d 789, 793 (5th Cir. 1978). But again, ***Mitchell*** was decided before the Supreme Court's emphasis on the enduring change in the legal relationship, and before the Fifth Circuit's decisions indicating that courts should look at the case "as a whole" to determine prevailing party status.

Trustee is not the prevailing party under ***Kent***'s case-as-a-whole framework and the Court's practical assessment of the case as a whole. Trustee obtained only limited, technical relief. Accordingly, Trustee has not shown entitlement to prevailing-party status or any basis to disturb the Court's prior determination.

   b. *Defendants are the prevailing party.*

Next, Trustee argues that if he is not the prevailing party, neither are Defendants. (ECF No. 443 at 5). Defendants assert that they are the prevailing party based on their overwhelming success in the litigation. (ECF No. 454 at 3–5). Trustee argues that "in these mixed result situations," courts will "generally look practically at the whole to try to discern what party, if any, is the prevailing party." (ECF No. 443 at 5). In other words, Trustee first argues that prevailing party status turns on a single claim, but then later argues that prevailing party status turns on a practical, holistic assessment. *Compare* (ECF No. 443 at 4) ("[E]ven though not all claims were established, the Trustee here obtained an enforceable judgment against both defendants . . . ."), *with* (*Id.* at 5) ("Courts in these mixed result situations generally look practically at the whole to try to discern what party, if any, is the prevailing party."). While the Court agrees with Trustee's contention that courts must take a "practical" view of the litigation as a whole to determine prevailing-party status, this approach does not aid Trustee's position.

There may only be one prevailing party. ***Indel Food Prods. v. Dodson Int'l Parts, Inc.***, No. 20-CV-98, 2023 WL 179970, at *9 (W.D. Tex. Jan. 11, 2023) (citing ***Mobile Telecomm. Techs., LLC. V. Samsung Telecomm. Am., LLC***, No. 13-cv-259, 2015 WL 5719123, at *1 (E.D. Tex. Sept. 28, 2015)). "Although the Fifth Circuit has not spoken on whether both sides can simultaneously be characterized as the 'prevailing party' under Rule 54(d), it has repeatedly explained that the court must view the case as a whole in determining the prevailing party under

Rule 54." **Perkins**, 2024 WL 3755238, at *8 (collecting cases). The Fifth Circuit has also indicated that courts may determine, in mixed judgment cases, that neither party prevailed. **Schlobohm v. Pepperidge Farm, Inc.**, 806 F.2d 578, 584 (5th Cir. 1986).

Defendants may be the prevailing party in a case when they receive a judgment on the merits, or when they obtain a dismissal with prejudice of the claims against them. **United States ex rel. Long v. GSDMIdea City, L.L.C.**, 807 F.3d 125, 128 (5th Cir. 2015) (collecting cases); *see also* **Auto. Support, Inc. v. Humble Design, L.L.C.**, 734 F. App'x 211, 215 (5th Cir. 2018) (per curiam) (indicating that a judgment on the merits that benefits the defendant confers prevailing party status to such defendant). The Supreme Court has also provided some guidance as to when courts may confer prevailing party status to defendants:

> Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.

**CRST Van Expedited**, 578 U.S. at 431.

Viewed in its entirety, this litigation resulted in Trustee's failure to establish actual damages or obtain meaningful relief on the central issues presented at trial. Defendants fulfilled their primary objective in rebuffing Trustee's claims. The practical assessment that Trustee urges the Court to employ reinforces the Court's decision.[6] Therefore, Defendant is the prevailing party in this case.

---

[6] Other courts in this Circuit have reached similar conclusions in mixed judgment cases. *See, e.g.*, **Mobile Telecomm. Techs.**, 2015 WL 5719123, at *1 (deeming the defendant as the prevailing party because it would not owe the plaintiff any monetary damages, even though the plaintiff prevailed on the validity of its patents because it did not confer a material benefit to the plaintiff); **Saacks v. Privilege Underwriters Reciprocal Exchange**, No. 16-1149, 2018 WL 3769963, at *2 (E.D. La. July 24, 2018) (finding that the plaintiffs did not prevail on any claims they asserted and recovered no damages, even though the defendants failed to prove affirmative defenses).

## II.     Trustee does not establish a manifest error of law or fact.

Trustee relies upon civil rights jurisprudence to support his argument that he is the prevailing party. (ECF No. 443 at 4–5). While the cases Trustee relies upon arise from actions involving governmental action and constitutional violations, they may offer guidance in the prevailing party analysis. The Court addresses the authority herein.

The Supreme Court's prevailing-party jurisprudence arises in the context of the 1976 Civil Rights Attorney's Fees Awards Act, which provides reasonable attorney's fees to the prevailing party in actions arising under certain civil rights statutes, such as 42 U.S.C. §§ 1988 and 1983.[7] In *Hensley*, the Supreme Court held that a prevailing party must "succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (setting forth standards "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'").[8] More recently, in *Buckhannon*, the Supreme Court held that a prevailing party "must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Buckhannon*, 532 U.S. at 604.

---

[7] *See, e.g.*, *Lackey v. Stinnie*, 604 U.S. 192 (2025) (holding that a plaintiff who obtains preliminary injunctive relief before the case later becomes moot does not qualify them as a prevailing party under § 1988(b)); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419 (2016) (holding that a favorable ruling on the merits is not necessary to confer prevailing party status on a defendant in employment discrimination litigation); *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (holding that a plaintiff who obtains nominal damages in § 1988 litigation "is often such a prevailing party"); *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (5-3 decision) (per curiam) (finding declaratory judgments will only constitute relief for prevailing party status for the plaintiff "if, and only if, it affects the behavior of the defendant toward the plaintiff"); *Hewitt v. Helms*, 482 U.S. 755, 760 ("The most that [the § 1988 litigant] obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state a constitutional claim. That is not the stuff of which legal victories are made."); *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989) (holding that nominal damages went beyond *Hewitt*'s insufficient technical victory threshold because the plaintiff's success "materially altered the school district's policy limiting the rights of teachers to communicate with each other concerning employee organizations and union activities").

[8] While the Supreme Court stated that a plaintiff may be a prevailing party if they succeeded on a significant issue at trial, the Court also noted that some cases "will involve a common core of facts or will be based on related legal theories." *Hensley*, 461 U.S. at 435. And in those cases, a prevailing plaintiff is one who obtained "substantial relief." *Id.* at 440.

The Fifth Circuit expounded on ***Buckhannon***, establishing "three requirements that must be satisfied for a plaintiff to demonstrate prevailing party status: (1) the plaintiff achieved "judicially-sanctioned relief"; (2) the relief granted is "enduring" and "materially altered the legal relationship between the parties"; and (3) the relief modified the defendant's "behavior in a way that directly benefits the plaintiff at the time the relief is entered." ***Veasey v. Abbott***, 13 F.4th 362, 365 (5th Cir. 2021) (quoting ***Petteway v. Henry***, 738 F.3d 132, 136–37 (5th Cir. 2013)); *see also* ***Lackey v. Stinnie***, 604 U.S. 192, 202–03 (2025) (citations omitted) ("By contrast, a party does not qualify as a 'prevailing party' when a court . . . enters a declaratory judgment but does not modify the defendant's behavior toward the plaintiff."). A plaintiff may satisfy the three requirements "without receiving a final judgment in its favor, as long as the plaintiff's success on a claim is not purely technical or *de minimis*." ***Veasey***, 13 F.4th at 368 (citation modified). A plaintiff's success may be on any significant issue in litigation and "need not address the central claim of the case." ***Id.*** (quoting ***Petteway***, 738 F.3d at 137).

This three-part test was developed for civil rights plaintiffs, typically awarded nominal damages along with injunctive or declaratory relief against governmental entities. *E.g.*, ***Doe v. Mississippi***, No. 18-CV-138, 2024 WL 5046317, at *1 (S.D. Miss. Nov. 7, 2024) (applying the test to a § 1988 litigant who obtained a court-ordered change in the defendant's future conduct). Courts in this Circuit have applied this three-part test to mixed-result cases, implementing the ***Hensley*** "significant issue" test and ***Kent***'s case-as-a-whole test. *E.g.* ***Archer W. Contractors, LLC v. McDonnel Grp., LLC***, No. 22-5323, 2025 WL 2419725, at *2 (E.D. La. Aug. 21, 2025). Other courts, however, also note that prevailing party status "varies by context." ***Kingman Holdings, LLC v. Blackboard Ins. Co.***, No. 23-4525, 2024 WL 4765479, at *7 n.34 (E.D. La. Nov. 13, 2024) (citing ***Lewis v. NLRB***, 750 F.2d 1266, 1279 (5th Cir. 1985)) ("Prevailing party status for purposes

12

of Rule 54(d) differs somewhat from the standard under 42 U.S.C. § 1988."). The Court is not persuaded that this three-part test governs this context. Nevertheless, Trustee fails to meet the test, as explained below.

First, Trustee correctly points out that he received judicially sanctioned relief. The Court entered its judgment, which (1) deemed Dundon and DCP's claims disallowed; and (2) found Dundon liable for breach of fiduciary duty.[9] (ECF No. 439). Defendants do not dispute that the decision was on the merits. (ECF No. 454 at 3). The Judgment is indisputably a form of judicially sanctioned relief.

Second, the judgment materially altered the legal relationship between the parties. Trustee argues that the judgment "materially altered their legal relationship to the estate's benefit." (ECF 443 at 4). The second prong is the "touchstone of the prevailing party inquiry" and requires a material alteration of the legal relationship between the parties. *Davis v. Abbott*, 781 F.3d 207, 214 (5th Cir. 2015) (quoting *Sole v. Wyner*, 551 U.S. 74, 82 (2007)). An injunction, declaratory judgment, or a damages award "will usually satisfy the prevailing-party test." *Id.* (citation modified). Courts typically find a material alteration of the legal relationship when the relief governs future conduct through judgments or compensatory obligations. *See, e.g.*, *Garland*, 489 U.S. at 793 (emphasizing the forward-looking legal consequences of "a judgment vindicating

---

[9] Trustee argues that he also prevailed in other aspects of the litigation because the Court "adjudged a binding oral contract" and "rejected Defendants' contract defense of wrongful inducement. (ECF No. 461 at 2). First, Defendants never disputed the existence of a $70 million contract. *See* (ECF No. 300 at 7–8) ("The alleged oral agreement [for $250 million] is not enforceable because it contradicts the Term Sheet by which DCP agreed to make a maximum cumulative investment of $70 million into the league and because any alleged oral agreement was merged into the Term Sheet."). While there was a dispute over the contract terms and any defenses thereto, the threshold amount for any contract claim was $70 million. As such, for Trustee to argue that he proved a case for $70 million is unavailing because the parties understood that the floor was $70 million. The gravamen of Trustee's complaint was the $250 million breach of oral contract claim, which Trustee did not prevail. *See* (*Id.* at 2, 5) ("Dundon instead made an offer to provide a total equity investment of $250 million to ESMG."); (ECF No. 56 at 40) ("There was a valid and binding oral contract between Dundon, personally and individually, on the one hand, and ESMG, on the other hand, for Dundon to provide a total of $250 million to ESMG . . . .").

the First Amendment rights of public employees in the workplace," which prospectively constrained the defendant's conduct); *Rhodes*, 488 U.S. at 4 (holding declaratory relief that has no prospective effect on the behavior of the defendant cannot afford prevailing party status on the plaintiff).

Trustee cites *Grisham*, arguing that "a material alteration results when there is a judgment for damages in any amount, whether compensatory or nominal, because even a nominal award forces the defendant to pay an amount he otherwise would not pay." *Grisham v. City of Fort Forth*, 837 F.3d 564, 568 (5th Cir. 2016) (citation modified); *see also Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("No material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant."). The Court agrees; Trustee received "at least some relief on the merits of his claim." *Buckhannon*, 532 U.S. at 604 (quoting *Hewitt*, 482 U.S. at 760).

Third, the Judgment did not benefit the estate in a manner that was neither "purely technical" nor "*de minimis*." *Grisham*, 837 F.3d at 369 (quoting *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013)). The trial's outcome itself demonstrates that the benefit was *de minimis*. *See Jenevein v. Willing*, 605 F.3d 268, 271 (5th Cir. 2010) (first citing *Walker v. City of Mesquite*, 313 F.3d 246, 249 (5th Cir. 2002); and then citing *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980)) (finding the benefit conferred was *de minimis* because the plaintiff "did not receive exactly the outcome he sought"); *see also Farrar*, 506 U.S. at 120 (O'Connor, J., concurring) ("But holding that any award of nominal damages renders the victory material would 'render the concept of *de minimis* relief meaningless.'").

While the Court found a breach of fiduciary duty, Trustee failed to prove actual damages and obtained only nominal relief. By contrast, the significant issue at trial was the $250 million

contract claims, on which Trustee did not prevail. *See id.* at 433 n.8 (alteration in original) (citing *Taylor v. Sterret*, 640 F.2d 663, 669 (5th Cir. Mar. Unit A 1981)) ("[T]he proper focus is whether the plaintiff has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought."). Trustee argues that if the *de minimis* rule the Fifth Circuit applied in *Jenevein* was applied to this case, "a nominal damages award could never support prevailing party status." (ECF No. 461 at 4–5). The Court disagrees. Justice O'Connor explained:

> Every nominal damage award has as its basis a finding of liability, but obviously many such victories are Pyrrhic ones. That is not to say that all nominal damages awards are *de minimis.* . . . [A] substantial difference between the judgment recovered and the recovery sought suggests that the victory is in fact purely technical.

*Farrar*, 506 U.S. at 120 (O'Connor, J., concurring) (citations omitted).

In *Uzuegbunam*, the Supreme Court discussed how "nominal damages historically could provide prospective relief" because nominal damages were "one way for plaintiffs at common law to obtain a form of declaratory relief in a legal system with no general declaratory judgment act." *Uzuegbunam v. Preczewski*, 592 U.S. 279, 285 (2021) (citation modified). *Id.* at 286 (citation omitted). At common law, courts also awarded nominal damages in the absence of evidence of other damages, such as compensatory, statutory, or punitive damages. *Id.* Here, the Court's award of nominal damages for Dundon's breach of fiduciary duty served the latter purpose: Dundon's past breach was redressed by the award of nominal damages in the absence of evidence of other damages. (ECF No. 437 at 163–70). While the nominal damages could conceivably provide prospective relief as a form of declaratory relief outside of the chapter 7 context, there was no prospective threat that the estate could "vindicate" with the award of nominal damages.[10] *Uzuegbunam*, 592 U.S. at 286. The relief in this case is merely technical, and the technical victory

---

[10] *See infra* note 15.

was "so insignificant as to be insufficient to support prevailing party status." *See Rhodes*, 488 U.S. at 4 (finding declaratory judgment, without altering the defendant's behavior in any way, to be a technical victory insufficient to confer prevailing party status upon the plaintiff).

In summary, nominal damages may vindicate past violations and may have some deterrent effect on future conduct. But here, the award of nominal damages did not materially benefit the estate, particularly where there is no realistic possibility of recurrence of a breach. *See, e.g., Platt v. Moore*, 15 F.4th 895, 904 (9th Cir. 2021) (citation modified) ("One purpose of a nominal damages claim, as here, is to prospectively restrain government conduct through the symbolic vindication of a constitutional right."). This case proceeds forward in liquidation as it would have absent the finding of breach, notwithstanding the Court's determination that Defendant Dundon's conduct was improper.

Additionally, the Court struggles to see any benefit Trustee obtained beyond the disallowance of Dundon's and DCP's general unsecured claims, which would otherwise be discharged in the consolidated debtors' bankruptcy.[11] Trustee argues that because he prevailed in his objection to Dundon and DCP's proofs of claim, Trustee obtained relief for the estate that avoided more than $70 million in liabilities. (ECF No. 443 at 5). He asserts that "if the estate collects any additional monies (for example as restitution from Reggie Fowler), then the disallowed claims will not diminish pro rata distribution to legitimate creditors." (*Id.*). Trustee's argument that the disallowance created a benefit because of the potential recovery from Reggie Fowler is purely conjecture. While it is true that a hypothetical recovery from Fowler would benefit the estate, it does not logically follow from the Court's disallowance of Dundon and DCP's claims; it is a non sequitur based on a hypothetical premise.

---

[11] Trustee represents that the estate has approximately $163,033.98 available for distribution, which remains subject to payment of secured claims and administrative expenses. (ECF No. 461 at 7).

The chapter 7 claims-allowance process determines who may participate in the liquidation.[12] The Court disallowed Dundon and DCP's asserted claims as general unsecured claims, which frequently receive no payment at all.[13] Any potential increase in the pro rata distribution to other unsecured creditors is incidental and speculative.[14] The Court's disallowance of Dundon and DCP's claims would only confer a benefit to the estate if Trustee prevailed on the significant issue at trial: his breach of contract claim. This technical outcome did not change Defendants' behavior in a way that benefited the estate.

In his Reply, Trustee also cites *Perkins* to assert that, although he obtained only nominal relief, he prevailed on a significant issue that conferred some of the sought-after benefit and altered the legal relationship between the parties. (ECF No. 461 at 3 n.4). In *Perkins*, the plaintiff lost on all five of his constitutional claims and nine of the ten state law claims against the defendant. *Perkins*, 2024 WL 3755238, at *3. The plaintiff brought all claims based on the same alleged conduct. *Id.* While the plaintiff succeeded on only one of those claims, he was awarded a $185,000 judgment. *Id.* The Court finds *Perkins* distinguishable. Here, Trustee brought multiple claims arising from distinct conduct by different defendants. Trustee lost on all of the significant issues at trial, resulting in the award of nominal damages against one defendant.

Even under the standard Trustee urges the Court to apply, Trustee is not the prevailing party. In this Circuit, mixed-result cases outside the civil rights context require a holistic, practical

---

[12] In his Reply, Trustee concedes this point. (ECF No. 461 at 7 n.7). Trustee, however, argues that the parties' "legal relationship changes the moment the claim is disallowed—regardless of whether the distributions are made tomorrow, next year, after, recoveries or never." (*Id.* at 7).

[13] *See, e.g.*, *Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 506 n.18 (B.A.P. 1st Cir. 2009) ("Payment priority is critical in chapter 7 cases. We know that few of these liquidation proceedings produce any distributions to creditors. And, for those that do, it is seldom the case that all general unsecured claimants are fully paid.").

[14] Trustee also argues that, because he successfully established that an oral contract for $70 million was formed, he prevailed in defending Defendants' right to recover from the estate. The Court finds this argument unavailing for the reasons stated herein.

inquiry into the litigation's overall outcome to determine whether either party should be deemed the prevailing party. Nevertheless, there is no meaningful benefit acquired by the estate as a result of the outcome of this case.[15] By contrast, the estate has engaged in a highly litigious adversary proceeding, losing every significant issue that would confer any benefit on the estate. Defendants prevailed in this case as a whole.

### III.   The Court exercises its discretion in awarding Defendants costs.

Finally, Trustee argues that the Court did not discuss costs or demonstrate how the Court considered awarding or apportioning costs to Defendants. (ECF No. 443 at 6). Trustee requests that the Court "do so now because the question is an important one where both plaintiffs and defendants obtained important relief and the judgment's effect is to deny costs to the estate." (*Id.*).

Defendant, as the prevailing party, bears the initial burden of establishing permissible costs under 28 U.S.C. § 1920 and "persuading the Court that the costs were reasonably necessary to the litigation." *In re Clansy*, No. 04-40504, 2008 WL 177779, at *4 (Bankr. S.D. Tex. Jan. 18, 2008) (collecting cases). If Defendants meet their burden, Trustee will then bear the burden of showing that the costs should not be allowed. *In re Clansy*, 2008 WL 177779, at *4; *see also* Local

---

[15] Had this matter arisen in a chapter 11 context, where Defendants' status as an insider-controller would have made a finding of a breach of fiduciary duty operative in shaping future governance and conduct, the analysis might be different. *See* 11 U.S.C. § 1107(a) (imposing all rights, functions, and duties of trustee onto a debtor in possession). But even a judgment for nominal damages does not terminate the insider's relationship with the debtor in possession or automatically disqualify the insider from continuing in their role. The Code does not mandate removal of insiders based solely on a breach of fiduciary duty finding, unless the bankruptcy court finds that the appointment of a trustee is necessary "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the debtor by current management, either before or after the commencement of the case." 11 U.S.C. § 1104. In other words, an award of nominal damages for a breach of fiduciary duty may have practical and beneficial consequences in chapter 11 because it would establish a record of breach that could be considered in future disputes and affect the insider's credibility. Nevertheless, this debtor is in chapter 7, and the Court's award of nominal damages to the estate arose under Delaware law, which also recognizes that the award serves a declaratory purpose. *See, e.g.*, *Ravenswood Invs. Co., L.P. v. Estate of Winmill*, Nos. 3730, 7048, 2018 WL 1410860, at *2 (Del. Ch. June 30, 2018) ("Consequently, all that can be awarded is a declaration that defendants breached their fiduciary duties and an assessment of nominal damages against each defendant in the spirit of equity.").

18

Rule 7054-1(b)(2) ("Any party opposing a proposed bill of costs must file an objection no later than 14 days after a proposed bill of costs is filed.").[16]

Trustee argues that the Court should have applied the ***Pacheco*** factors to guide its discretionary analysis and thereby reconsider its decision to award Defendants costs. (ECF No. 443 at 7–8); ***Pacheco v. Mineta***, 448 F.3d 783 (5th Cir. 2006). First, bankruptcy courts generally do not apply the ***Pacheco*** factors in exercising their discretion to award costs to the prevailing party because those factors address when a district court may *deny* the *presumptive* award of costs to a prevailing party under Rule 54(d)(1). ***Id.*** By contrast, Bankruptcy Rule 7054(b) does not create the same presumption; it makes an award of costs *entirely* discretionary. ***Pacheco*** has no controlling application here.

Bankruptcy courts are "free to consider all relevant factors, including whether there is any bad faith by the prevailing party in incurring unnecessary costs and whether the non-prevailing party is able to afford the costs sought." ***Reynolds v. Phillips (In re Phillips)***, No. 08-7046, 2009 WL 3378511, at *2 (Bankr. D. Ka. Oct. 16, 2009) (collecting cases). The Third Circuit has held that a bankruptcy court may deny costs "if it would be futile to award them." ***In re Stuebben v. Gioioso (In re Gioioso)***, 979 F.2d 956, 963 (3d Cir. 1992). But bankruptcy courts should also consider that "the paramount reason for the rule allowing costs to the prevailing party is to provide at least partial indemnification of the expenses incurred in establishing the claim or defense." ***In re Phillips***, 2009 WL 3378511, at *2.

---

[16] The Court notes that in the Joint Pre-Trial Order, the parties "agreed to bifurcate the issue of whether and how much attorneys' fees or costs should be awarded." (ECF No. 300 at 122). But "nothing in Rule 7054 requires that the underlying pleadings first seek costs. ***Reynolds v. Phillips (In re Phillips)***, No. 08-7046, 2009 WL 3378511, at *3 (Bankr. D. Ka. Oct. 16, 2009). Rather, the rule provides that a bankruptcy court may "in any event award costs to the prevailing party if timely sought." ***Id.***

The decision to award costs under Bankruptcy Rule 7054(b) is wholly within this Court's discretion. *In re Clansy*, No. 04-40504, 2008 WL 177779, at *4. The Court finds that neither party acted in bad faith. At this juncture, Trustee has not objected to Defendants' Bill of Costs, asserting they are unnecessary or impermissible under 28 U.S.C. § 1920. Additionally, Trustee argues that the complexity of the law and facts warrants the denial of costs to Defendants. The Court agrees that this case involved intense factual disputes and presented unique legal issues. The Court is mindful, however, that Trustee chose to pursue a breach-of-contract theory despite the absence of a signed contract, relying primarily on circumstantial evidence of an alleged oral agreement for $250 million—evidence the Court ultimately found unpersuasive.

Trustee also argues that the estate cannot afford the award of costs. Although the Court recognizes that the estate may not afford Defendants' costs, the Court does not believe that the inability to afford costs outweighs the paramount reason to provide at least partial indemnification to Defendants for expenses incurred in establishing their defense. The Court, exercising its discretion, awarded costs to the prevailing party in this case.[17] Trustee has not demonstrated a manifest error of law or fact in the Court's discretionary determination of awarding costs.

### CONCLUSION

Having evaluated the case as a whole, the Court determined that Defendants were the prevailing party. Trustee has not demonstrated a manifest error of law or fact regarding the Court's determination that Trustee was not the prevailing party. *See Gruver v. Allstate Ins. Co. of Canada, Inc.*, No. 23-30431, 2024 WL 4660345, at *5 n.6 (5th Cir. 2024) (per curiam) (quoting *Puga v.*

---

[17] The Court acknowledges that the Judgment's language "Defendants shall recover costs" is not fully consistent with the Court's Memorandum Opinion, which stated that Defendants "may request" costs. Notwithstanding this inconsistency, the Court exercises its discretion under Fed. R. Bankr. P. 7054 in awarding Defendants their allowable costs as the prevailing party.

***RCX Sols., Inc.***, 922 F.3d 285, 293 (5th Cir. 2019)) ("A manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

      Trustee relies on Supreme Court cases recognizing that a party awarded nominal damages may, in some circumstances, qualify as the prevailing party. Those decisions, however, arise in the civil rights context and do not necessarily govern a mixed case such as this one, where Trustee obtained only *de minimis* relief on a single theory against only one defendant. Rather, Trustee's Motion raises arguments that provide no basis for the extraordinary relief requested and fail to establish a manifest error of law or fact. In reaching this decision, the Court has weighed both the strong interest in finality and the Court's obligation to render a just result.

      IT IS THEREFORE ORDERED that Trustee's Motion to Alter, Amend, or Correct Judgment to Adjudge and Award Costs (ECF No. 443) is DENIED.

# # #

21